# SUPREME COURT.

## Court of Appeals.

THE NEW-YORK CENTRAL INSURANCE COMPANY agt. THE NATIONAL PROTECTION INSURANCE COMPANY.

## Supreme Court.

THE NEW-YORK CENTRAL INSURANCE COMPANY agt. TRUMAN SAFFORD and PETER M. MORIARTY.

The undertaking to stay proceedings required by § 335 of the Code, must be filed and served with the notice of appeal, and not afterwards. If such an undertaking be filed and served after the appeal has been perfected by service of a notice of appeal, and an undertaking as required by § 334, it will be of no effect, and the proceedings will not be stayed.

Where the undertaking, given upon an appeal, has become forfeited by the affirmance and non-payment of the judgment appealed from, an action may be brought upon it without first obtaining leave to prosecute. Although the undertaking be filed with the clerk of the court pursuant to the statute, yet it is the property of the respondent, and he may enforce it without taking it from the files of the court.

*Montgomery Special Term, November, 1854.*

MOTION, by defendants, to set aside the summons and complaint in the last above cause, on the ground that leave to prosecute the undertaking on which it was brought had not been granted by the court; also, to stay proceedings therein

until the decision of the court of appeals in the first above cause.

CHARLES S. LESTER, *for the motion.*

JAMES E. DEWEY, *opposed.*

CADY, Justice. In March, 1854, judgment was rendered in favor of the plaintiffs in the first of the above causes, and the defendants appealed to the general term of the supreme court; and, upon that appeal, the defendants in the last of the above entitled causes entered into an undertaking, as is required by law, to stay proceedings on said judgment. That judgment was affirmed in the supreme court about the 27th of July, 1854, and the amount of damages and costs were $2,456.43. On the 7th of August, 1854, the National Protection Insurance Company appealed from the said judgment to the court of appeals; and at the same time filed an undertaking, conditioned that the appellants would pay all costs and damages which might be awarded against the appellants, on the appeal, not exceeding $250; and afterwards, on the 4th day of September, 1854, gave an undertaking that the appellants would pay all costs and damages which may be awarded against them, on said appeal, not exceeding $250, and would also pay the said judgment, if the same should be affirmed.

After the last undertaking was filed, and a copy thereof served on the plaintiff's attorney, the second of the above entitled actions was commenced.

On the above facts, the defendants in the said action now move that all proceedings in the last of the above entitled causes be stayed, until the decision of the court of appeals shall be had in the first of the above entitled actions. This motion is opposed on the ground that the undertaking last above mentioned was not given at the time the notice of appeal was given. So that the only question in the cause is, must the undertaking be given to stay proceedings on the judgment appealed from, at the time the notice of appeal is given. By § 334 of the Code, to render an appeal effectual for any purpose,

a written undertaking must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all the costs and damages which may be awarded against him on the appeal, not exceeding $250, &c. Such an undertaking was given in this case, when notice of the appeal to the court of appeals was given; but that did not stay the proceedings on the judgment. By § 335 of the Code, if the appeal be from a judgment directing the payment of money, it shall not stay the execution of the judgment, unless a written undertaking be executed, &c., to the effect, that if the judgment appealed from, or any part thereof, be affirmed, the appellants will pay the amount directed to be paid by the judgment, &c. Such an undertaking was given in this case, but not until more than a month after the notice of appeal had been served.

Section 340 of the Code requires that the undertakings prescribed by §§ 334, 335, &c., may be in one instrument or several, at the option of the appellant; and a copy, including the names and residence of the sureties, *must be served on the adverse party, with the notice of appeal,* unless, &c. This section, in terms, requires copies of all undertakings necessary by the Code, and which the appellant intends to give, to be served with the notice of appeal; and as there was no undertaking to pay the amount of the judgment, in case it was affirmed, given in this case, when the notice of appeal was served, the plaintiff was left at liberty to proceed as if no appeal had been taken. Section 341 of the Code furnishes strong evidence that a copy of the undertaking must be served with the notice of appeal; for the respondent's right to except to the sufficiency of the sureties is thereby limited to ten days *after notice of appeal.* An appeal is now the substitute for the writ of error; and the undertakings required by the Code are, instead of bail, in error. Under the old practice, a writ of error had to be allowed; and, to make the writ of error a stay of proceedings on a judgment for the payment of money, a bond had to be given, in legal effect, like the undertaking required by the Code; and it was necessary that the party applying for the writ should state to

the officer to whom the application was made to allow the writ, whether it was intended to stay the proceedings; and if a proper bond for that purpose was executed, the officer allowing the writ would endorse thereon an order to stay the proceedings. The bond, under the old practice, had to be given at the time the writ was allowed. The plaintiff in error had *then to elect*, whether there should or should not be a stay of proceedings. (2 *R. S.* 595, 596, §§ 27, 28, 29 *and* 30.) By § 327 of the Code, when a party shall give, in good faith, notice of appeal from a judgment or order, and shall omit, through *mistake*, to do any other act necessary to perfect the appeal, or *to stay proceedings*, the court may permit an amendment on such terms as may be just. Under that section the court might give relief, had the defendant shown that it was by *mistake* that the necessary undertaking was not given when notice of the appeal was served. But as that is not shown, the court has not, under § 327, any power to give any relief in the case. The motion must, therefore, be denied, with $10 costs for opposing the motion; but without prejudice to any motion hereafter made in the case.

The cases referred to by the learned counsel for the defendants do not, I think, show that any order for leave of the court to prosecute the undertaking was necessary. A sheriff's bond is given to the people, and when he has been guilty of any defaults, the party injured may apply to the supreme court for leave to prosecute the bond. (2 *R. S.* 476, § 1; *Rhinelander* agt. *Mather*, 5 *Wend.* 102.) In *Higgins* agt. *Allen*, the action was on an injunction bond, given before the Code: and an order for leave to prosecute was necessary by the practice of the court, adopted in conformity to 2 *R. S.* 190, § 156. In *Harris, sheriff,* agt. *Hardy and others,* (3 *Hill,* 393,) the action was on a bond, given on a *ne exeat.* The bond, and the money to be collected on it, were under the control of the court; the money must be brought into court;—not so in the case under consideration—the money, when received, will belong to the plaintiff on the record.

The fact that the bond is on file, does not make it necessary

that the court should give leave to commence an action. Under the old system, special bail-pieces and recognizances of bail were filed, but the plaintiff commenced an action when he pleased, as soon as the special bail was fixed. So, in this case, as soon as the plaintiff had a right of action on the undertaking, he was at liberty to sue without asking the court for leave. The undertaking is the property of the plaintiff, as much as if it had been given to him on the sale of goods, or a farm, except that he has no right to take it from the files of court, without leave; and he can maintain an action on it without that.