## BINNEY *vs.* LeGAL & BOULAND.

Where partners are sued, together, one has no power to make an offer, on behalf of himself and his copartner, that the plaintiff may take judgment under the code; without some evidence from which it may be inferred that his copartner authorized him to make the offer, or assented to it.

Where an attorney appears for both, and there is no contrivance in employing him to appear, his appearance on the record may make the judgment regular,

Binney *v.* LeGal.

APPEAL from an order made at a special term, setting aside the judgment and execution, as against the defendant Bouland.

*N. B. LaBau,* for the plaintiff.

*P. Y. Cutler,* for Bouland.

*By the Court,* MITCHELL, J.   The defendants are partners, and (so far as the affidavits show) are indebted to the plaintiff for moneys of his, applied to the use of the firm by the concurrence of both defendants.   A summons in this action was served on LeGal on the 20th of February, 1854, and on Bouland on the same or the next day.   On the 22nd LeGal alone, but in the name of the firm, and signing for both defendants, made a written offer that the plaintiff might take judgment for $1000, interest, and costs.   This was accepted on the 24th, and on the same day judgment was entered and execution issued, when it was discovered that Bouland had assigned the stock on hand, on the 23d of the month, and that the assignee was in possession.   Bouland moved, promptly, to set aside the judgment and execution as against him, and the motion was granted, but only on the condition that he should give security to pay the amount of any recovery against him.   He appeals; and the question is, was the judgment regular as against him?

The plaintiff's attorney says in an affidavit, and on the motion, that on the 23rd of Feb. he "served the defendants with a notice of acceptance of the offer."   Bouland says, in his affidavit, that he was informed on the 28*th of February,* that LeGal had made the offer.   This last affidavit was served on the plaintiff's attorney, and he does not deny that the 28th was the first day on which Bouland received notice of the offer being made.   He probably used the general terms "he served the defendants with notice of the acceptance," on the ground that LeGal was regarded by him as the representative of both, and service on him the same as on both.   It is to be inferred that no notice of the acceptance was served on Bouland.

Binney *v.* LeGal.

Since this case was decided at special term, the subject of the right of one partner to bind another in *a suit* at law has been before the court, at general term, in *Everson* v. *Gehrman*,(a) and it was held that he had no such power, when acting against the wishes of his copartner; and that his implied power was only to act in suits at law according to the express or implied wish of such copartner. Here, both partners were at hand; the plaintiff or his attorney had spoken with both, as to some arrangement of this action; and Bouland had told the plaintiff's attorney that he had the entire management of the business of LeGal and Bouland, and that he could not then settle the debt, but that if he could raise half the debt he would, if LeGal would raise the rest and his counsel should approve it. The plaintiff was thus notified that Bouland was the manager of this matter, and that so far from committing his interest in it to LeGal, he claimed to control the business, and had his own counsel to act for him. Bouland, therefore, did no act to lead the plaintiff to suppose that LeGal might act for him, but did directly the contrary. Under these circumstances LeGal had no power to make the offer, except for himself; and the judgment was irregular and should be set aside, as to him, without any condition.

One partner has no power to make the offer to the plaintiff to take judgment, under the code, on behalf of himself and his copartner, without some evidence from which it is to be inferred that his copartner authorized him to make the offer, or assented to it. Where an attorney appears for both, and there is no contrivance in employing him to appear, his appearance on the record may make the judgment regular.

The order appealed from should be modified accordingly, without costs.

[New York General Term, April 9, 1855.   *Mitchell, Roosevelt* and *Clerke,* Justices.]

(a) 10 *How. Pr. Rep.* 301.