## SUPREME COURT.

### JOHN S. PECK agt. ANTHONY YORKS.

When a report of referees is defective, in omitting to state the facts found, as required by § 272 of the Code, the appropriate remedy of the losing party, who desires to have the decision reviewed, is to apply for an order that the report be sent back to the referees for correction.

If such an order be obtained, and it fails to effect the object, upon a fair trial, the court will set aside the report on account of the defect.

*Ontario Special Term, Aug.,* 1857.

MOTION to set aside the report of the referees in this action.

M. S. NEWTON, *for plaintiff.*
E. G. LAPHAM, *for defendant.*

T. R. STRONG, Justice. The report of the referees, dated June 6, 1855, is defective, in omitting to state the facts found, as required by § 272 of the Code in relation to trials before referees, which prescribes that the referees must state the facts found by them and the conclusions of law separately. The defect is a material one. It is highly important to an intelligent review of the decision of the referees that the facts found by them should clearly appear. Ordinarily, in cases of such

Peck agt. Yorks.

defects, an order, such as has been obtained in this case, that the referees make a further report, correcting the defect, will suffice to effect that object; and, as being the most simple and expeditious, and least expensive, is the appropriate remedy. But when it fails upon a fair trial, the court should set aside the report on account of the defect, as it would be most unjust to compel the failing party to submit to the decision, unless he could procure a reversal of it without the benefit of such a report of the findings of the referees as he was entitled to by law. It is a right of the losing party, and an important one, to have the finding of the referees as to the facts clearly stated; and the court would fail in its duty if it should allow him to be deprived of it without his fault.

Two of the referees in this case have removed from the state, and of course no compulsory proceedings can be taken against them to secure a correction of the defect in question; and although the plaintiff, who is the failing party in the case, has not exercised as strict diligence as he might have done, I am not satisfied that his laches have been such as to deprive him of the right to such a report as will be a full compliance with the Code.

The views taken render it unnecessary to consider how far the affidavits and depositions of the referees may be regarded on the motion. The facts on which the decision is placed sufficiently appear from other sources.

Order setting aside the report granted.