## SUPERIOR COURT.

THOMAS PATON and others agt. CHARLES WRIGHT, STERLING LANIER, SYDNEY C. LANIER, PETER J. JOHNSON, THOMAS J. BRACE, GEORGE PETERSON, GEORGE L. HUMPHREY and others.

This is a complicated case, arising on a creditor's bill. The facts are fully set forth in the opinion, and from the whole case, substantially the following questions or propositions are decided :

1st. Where the answer of each member of a firm expressly states that the partnership had ceased, and was dissolved, (the answer being sworn to,) it amounts to an express agreement to dissolve, or to a declaration of a dissolution equivalent to one contained in articles.

2d. An assignment made and executed by one member of a firm, in the name of the firm, after dissolution, to a creditor of the firm, of assets in the hands of a third person, constituting the whole funds of the firm, to satisfy one creditor exclusively, is void and inoperative.

3d. The weight of authority appears to be, that a judgment obtained on an offer under § 385 of the Code, by one of a firm—joint debtors, binds the *joint property* so as to sweep it all away for the benefit of a single creditor and to defeat the rest ;

*Held*, that when this question comes fairly up for consideration in our higher tribunals, it will be seen whether it is possible to sustain the proposition so well asserted by Mr. Justice HARRIS, that a confession out of court is insufficient, and yet reconcile it with the proposition that a confession in court with this mockery of the form of an action, is perfectly valid.

4th. The plaintiffs having obtained a judgment in a regular action instituted against all the partners, in which, after the time for answering expired, having taken judgment against two of the firm duly served with process; the judgment binds the property of the firm, and a creditor's bill to reach joint property, may be filed upon it.

The fact that the plaintiffs proffered to use their legal rights for the benefit of the compromise creditors alone, added a recommendation of equity to their legal privileges.

5th. This court obtained the injunctions in a suit to which every one interested was a party, and in which the whole controversy could be decided at the trial. The pendency of suits in the supreme court to which the present plaintiffs were not parties, formed no objection to a decision here. The effect of that decision would be for the supreme court to determine. Injunction granted and receiver appointed.

*Special Term, January* 30.

MOTION for an injunction and receiver.

J. E. BURRILL, JR., *for plaintiffs.*

ALBERT MATHEWS *and* CHARLES P. KIRKLAND, *for the defendants.*

MR. MATHEWS made the following points :

*First.* The motion invokes the discretion of the court, and seeks to enjoin three actions previously commenced, involving the questions sought to be put in issue in this action. This is unnecessary, and this court has decided it will not sanction or permit the practice. (*Grant* agt. *Quick,* 5 *Sand. R.* 612 ; *Code,* § 150, *as amended* 1852, *as to equitable defences.*)

I. The suit against the " Home Insurance Company," was commenced by Peterson & Humphrey, in this court, June 19th, 1854. The suit against the " Albany Mutual Ins. Company," was commenced in the supreme court by them, June 16th, 1854 ; and the suit against the " Williamsburgh Ins. Company," was commenced in the supreme court, June 16th, 1854 ; while this action was not commenced until July, 1854.

II. By order of this court in the action against the " Home Insurance Company," dated September 15th, 1854, and of the supreme court in the action against the " Albany Mutual Insurance Company," dated September 20th, 1854, on notice to the plaintiffs, they have been substituted as defendants in those actions, and the funds paid into the Life and Trust Company, to abide the order of the court.

III. The plaintiffs in this action may show affirmatively in these suits, if they can anywhere, that they are entitled to those funds.

IV. These facts show another action pending, and are a good plea in abatement to this action. (*Benderagle* agt. *Cocks,* 19 *Wend. R.* 207 ; *Groshen* agt. *Lyon,* 16 *Barb. S. C. R.* 461.)

V. The defendants Peterson & Humphrey, have chosen their tribunal and mode of trial, and this court will not interfere with that choice.

VI. At least the court will enjoin no further than to prevent the payment of the money to defendants, and will let the suits proceed.

*Second.* The plaintiffs have no lien upon the funds in controversy to give them a footing in this court to claim equitable relief.

I. Their claim is disputed, and the judgment recovered by default against the defendants Johnson and Lanier, (clients of the plaintiff's attorney, without service of process upon Wright and Barr, who were present in the city and might have been served,) does not give them a right to reach equitable assets; they must first exhaust their legal remedies against the individual tangible property of Wright and Barr.

II. The claim of the plaintiffs, if any ever existed, was extinguished and cancelled by the compromise agreement they signed, and the acceptance of a dividend under it, and these defendants may impeach the alleged judgment of plaintiffs and set up this matter, for there is no judgment against Wright. (*Palmerston* agt. *Hufford*, 4 *Denio*, 166; *Oakley* agt. *Aspinwall*, 4 *Comst. R.* 513.)

III. The alleged transfer to Ellis, and the *parol trust* for the benefit of those who should come in and sign the compromise agreement, (*complaint, folio* 17,) were both void.

1st, For want of writing, and

2d, As being in violation of law as compulsory, and

3d, As contradicting written instruments, to wit: the powers of attorney. (2 *Rev. Stat. p.* 137, §§ 1, 2; *Grover* agt. *Wakeman*, 11 *Wend.* 187; *Cook* agt. *Eaton*, 16 *Barb. S. C. R.* 439.)

IV. The plaintiffs make no title to this alleged parol trust in themselves; they are *cestui que trusts* only. Besides, the trust was to begin only when the money was collected.

V. The sweeping allegations of fraud and collusion made in the complaint, are fully met and rebutted in the answer and affidavits. Besides, the plaintiffs have practiced the precise thing for which they blame the defendants.

VI. The attempt to engraft a parol trust upon the powers

of attorney to Ellis, is also met by affidavits, and the other facts and circumstances of the case.

*Third.* The defendants Peterson & Humphrey make out a clear legal and equitable title to the policies of insurance by conveyance to them in payment of their debt, and this court ought not to interfere with their efforts to recover judgment for the amounts.

I. The assignment to Peterson & Humphrey, in payment of their demand, executed by Wright, was made before any dissolution of partnership in fact, (and at least before any notice of dissolution to Peterson & Humphrey,) and whether so or not, was a valid act and vested absolute title to not only Wright's one-eighth, but the whole insurance moneys, in Peterson & Humphrey. (*Egbert* agt. *Wood,* 3 *Paige R.* 517 ; *Story on Partnership,* 328 ; *Anderson* agt. *Tompkins,* 1 *Brock.* 456 ; *Harrison* agt. *Steeny,* 5 *Cranch,* 289 ; *Hitchcock* agt. *St. John,* 1 *Hoff. Chy. R.* 511 ; *Robinson* agt. *McCrowder,* 4 *McCord R.* 419 ; *McCulloch* agt. *Somerville,* 8 *Leigh,* 496 ; *Arnold* agt. *Brown,* 24 *Pick.* 89 ; *Darling* agt. *March,* 22 *Maine,* 184; *Morse* agt. *Bellows,* 7 *N. H.* 568 ; 6 *Cowen,* 442 ; 19 *Johns.* 143.)

II. The policies show the insurance was effected upon goods bought by Wright, Lanier & Co., of Peterson & Humphrey, and in their possession at the time of the insurance and fire, and were insured by way of indemnity, by an agreement between the parties, for the advantage of Peterson & Humphrey, and the funds in equity belong to and ought to be applied to payment of their claim. (*Carter* agt. *Rockett, and cases cited,* 8 *Paige,* 437.)

*Fourth.* Peterson & Humphrey are judgment creditors of the partnership, and if the conveyance to them were void, they stand in a better position and have a lien in equity upon those funds and are entitled to them, rather than the plaintiffs, who have compromised their claim and recovered only a fraudulent and collusive judgment upon a compromised and extinguished claim.

I. If the conveyance to Peterson & Humphrey is void, and if the plaintiffs are valid judgment creditors, the defendants are

Paton and others agt. Wright and others.

also judgment creditors, and both being creditors of the partnership, the fund must be distributed rateably, and the court will not disturb the defendants except to equalize the distribution of the fund when recovered.

HOFFMAN, Justice. On the 4th of December, 1853, a policy of insurance was effected with the Southern Mutual Insurance Company, in the name of the firm of Wright, Lanier & Co.; another policy was effected on behalf of the same firm, on the 24th of December, 1853, with the Columbia Insurance Company, for the sum of $2,500 ; and on the same day another with the Commercial Insurance Company, for $2,500. It is sufficient to notice as to these policies of insurance, that they were placed by the firm in the hands of the late C. Ellis, by an assignment dated the 14th of January, 1854, to collect the amounts and to distribute the same among the creditors of such firm, which it is stated had been done to a considerable extent.

On the 24th of December, 1853, a policy was effected with the Williamsburgh City Fire Insurance Company, for the sum of $5,000. On the same day, another policy was made with the Hamilton Fire Insurance Company of the city of New-York, for the sum of $2,500, and another with the Mutual Insurance Company of Albany, in the sum of five thousand dollars.

By these policies, which are all similar in their provisions, the company insures "Wright, Lanier & Co.," against loss and damage by fire on hotel and household furniture of every description, including beds, bedding linen, china, glass, carpets, mirrors, &c., enumerating various articles of furniture contained in the brick and marble building, known as "The La Farge Hotel," in the city of New-York, in Broadway, &c.

On the 8th of January, the fire took place, which destroyed the hotel with the furniture.

On the 14th of January, a suit was commenced by the defendants Peterson & Humphrey, against the firm of "Wright Lanier & Co." Answers were put in on the 3d day of Febru-

ary, 1854, verified by all the members, denying the plaintiffs' cause of action; and in such answers, the dissolution of the firm on the 8th of January, the day of the fire, is stated; and it is averred, that since such day no partnership has existed between the parties or either of them; and the defendants and each of them state certain conditions of the sale; and Wright particularly, on his own knowledge, denies the agreement to give the notes, or any debt being due to Peterson & Humphrey.

As the notes agreed to be given by the firm to Peterson & Humphrey, as alleged, had not been given, a demand was made upon Wright to deliver the notes, which was refused, and thereupon a right of action arose, the result of which would be a recovery of a sum equivalent to the amount of the notes, less the interest for the period of their running.

From Mr. Sherwood's affidavit, it appears that he was employed by Wright to defend the suit on behalf of all the members of the firm, and appeared for them. This was about the 14th of January. Soon after the 19th of January, he addressed a note to each of the defendants, inquiring as to their defence, and this led to the employment by the other members of different attorneys.

On the 3d of February, a compromise agreement was entered into, by various creditors of the firm, whose demands amounted to $63,700; whereby it was agreed to accept and receive from the said firm, (inclusive of what they might receive under the assignment of the three policies, placed in Ellis's hands in January,) thirty per cent. on the dollar of their indebtedness, in full satisfaction of their debts, on condition that the same should be paid without unreasonable delay, as soon as the proceeds of all the policies of insurance could be realized, and if any part of the amount of the policies could not be realized, then the residue of the thirty per cent. was to be paid in six months thereafter. The firm of Peterson & Humphrey, are the only creditors to any extent who have not signed such agreement.

On the 12th day of April, 1854, powers of attorney were executed in the name of the firm, and by all the members, em-

powering Mr. Ellis to collect the amounts of the several policies respectively contained in them. The powers are in the general form, without directing anything as to the distribution of the proceeds. The three policies of insurance now in question, were delivered by some of the firm to Mr. Ellis. It is understood they were delivered to him previous, or at the time of the execution of the powers of attorney. It is stated that it was expressly understood and agreed by the parties, and each of them, that Ellis should collect the amounts, and apply the same in payment of the creditors who should execute the compromise agreement. On the 18th of May, 1854, an assignment was made in the name of the firm, but executed by Wright alone, to Peterson & Humphrey, transferring to them the three policies of insurance, to secure the amount of their demand against the firm.

This instrument recites the indebtedness of the firm, the ownership of the three policies of insurance, and transfers them and all the money due on them, or as far as might be necessary to be applied in payment and satisfaction of the said debt of the firm, without prejudice to any claim of Peterson & Humphrey, for any deficiency, in case enough was not realized from the said claims and demands.

The present plaintiff commenced an action on the 27th of. May, 1854, and it appears by the judgment roll, that judgment was taken at the expiration of twenty days, upon an affidavit that no answer had been received. Process had been served personally upon Johnson and Sydney C. Lanier. Execution has been issued against the joint property of the firm, and the separate property of those served, and returned unsatisfied. The present complaint was sworn to on the 30th of June, 1854, and chiefly proceeds upon the ground of a creditor's bill, to reach these assets of the firm.

On the 15th of May, 1854, an action was commenced in the court of common pleas, on behalf of Peterson & Humphrey, against the firm. Service of the summons was made on the 14th of November, upon Charles Wright alone. An offer to take judgment was made by Wright on the same day, that the

plaintiffs might take judgment under the 385th section of the Code. This c ºer was accepted on the same day, and judgment entered on th. 16th of December, 1854, the taxation of costs being waived.

These are the material facts upon which some of the most important questions in the case arise. Other facts bearing upon other points, will be hereafter noticed.

I consider it to be established that the firm became insolvent by the fire, and that it was dissolved and terminated at any rate by the 3d of February, 1854. The answer of each member of the firm, expressly stating that the partnership had ceased and was dissolved, (answers sworn to on that day,) amounts to an express agreement to dissolve, or to a declaration of a dissolution, equivalent to one contained in articles.

Again; it is in my opinion incontrovertible, that the policies in question comprised substantially the whole of the partnership property, then available for creditors and not before appropriated. Under such circumstances, I consider the assignment of the 18th of May, made by Wright alone, to be void and inoperative. The case of *Hitchcock* agt. *St. John*, (1 *Hoffman's Rep.*,) and the authorities adverted to, apply to a specific transfer and delivery of a parcel of goods, or particular piece of property, in payment of a debt. They have no application to a case of assignment of assets in the hands of another, constituting the whole funds of a firm, and to satisfy one creditor exclusively. Besides, I am inclined to think that as to transfers after an actual dissolution, the language in *Hitchcock* agt. *St. John*, is too broad.

In *Kemp* agt. *Carnly*, (*December term*, 1854,) this court at general term, reviewed its previous decisions, and held the law to be that one partner could not execute an assignment of all the partnership property, and appoint an assignee, even providing for a rateable distribution of the funds, when his associates are present and capable of acting. An assignment giving preferences would, of course, be more objectionable, and this was the decision in *Hitchcock* agt. *St. John*, even although the partner who did not join, was in Savannah.

Again; the intended transfer was not in full discharge of the debt, but a claim for any deficiency is expressly reserved.

In addition to this, the present assignment was in direct contradiction to the will of the other partners, and in violation of their known desire; for they had put in answers, contesting under oath the right and claim of the assignees. Nay, more, they admit the policies had been placed in the hands of Mr. Ellis for the purpose of fulfilling the compromise agreement made in April, 1854, and as I understand their position on the record, they reiterated their opposition.

In my opinion, the argument which Mr. Mathews has forcibly presented, is untenable; I consider that it has never yet been decided that one partner after insolvency and dissolution, can transfer to one creditor the whole, or substantially the whole of the partnership property, to save him and exclude all others.

In relation to the claims of Peterson & Humphrey, founded upon the judgment entered on the offer of Wright, and its acceptance in November, 1854, a few words will suffice.

The exposition by the venerable Judge CADY, of the 385th section of the Code, and his remarks upon its similarity to the former " *cognovit actionem*," and as capable of being equally abused, are in my opinion, sound and just. (*Mann* agt. *Savage*, 7 *Howard*, 456.) The weight of authority seems unfortunately to show the law to be, that a judgment obtained on such an offer by one of two joint debtors, binds the joint property, so as to sweep it all away for the benefit of a single creditor, and to defeat the rest. (*Olwell* agt. *McLaughlin*, 10 *Leg. Obs.* 316; *Emery* agt. *Emery* 9 *Howard*, 130; *Code*, § 136, *Sub.* 1; *Pardee* agt. *Haynes* 10 *Wendell*, 630; *Stoutenburgh* agt. *Valkenburgh*, 7 *Howard*, 230; *Lipmeer* agt. *Joelson*, 1 *Code Rep. N. S.* 161, *n.*) The case of *Lafarge* agt. *Philson*, (3 *Sandford*, 752,) usually cited to this point, by no means supports it.

When this question comes fairly up for consideration in our higher tribunals, it will be seen whether it is possible to sustain the proposition so well asserted by Justice HARRIS, that a confession out of court is insufficient, and yet reconcile it

with the proposition that a confession in court with this mockery of the form of an action, is perfectly valid. At any rate, no right can be founded on a judgment obtained while this cause was actually on trial, unless every right of the plaintiff wholly fails.

The defendants Humphrey & Peterson, found a claim upon the policies under an alleged agreement, that the insurance should be effected distinctly upon the carpets supplied by them, and for their exclusive benefit.

Supposing that there was no legal difficulty upon this claim, if the facts were fully established, it is manifest that great difficulty must be felt by any one in attempting to decide upon these conflicting affidavits ; at any rate, the defendants do not at present make out the case in their favor.

Thus far I have examined into the various grounds urged by the defendants to sustain their claims.

As to the legal position of the plaintiffs, a few observations will be sufficient. They have obtained a judgment in a regular action instituted against all the partners, in which after the time for answering expired, they have taken judgment against two of the firm duly served with process. That such a judgment binds the property of the firm, is a point too clear to be contested, and a creditor's bill to reach joint property, may be filed upon it. (*Austin* agt. *Figueira*, 7 *Paige*, 56 ; *Commercial Bank of Erie* agt. *Meach*, *id.* 448 ; *Code*, § 136.)

In this situation, the legal right of the plaintiffs to the policies, appears superior to the claim of all the other parties in the cause. That they proffer to use their legal rights for the benefit of the compromise creditors alone, adds a recommendation of equity to their legal privilege. I do not consider their right to be in any way affected by their assent to the compromise agreement. The whole basis of that agreement was, that the amount due on the very policies in question should be realized. This bill is to obtain the identical fund which was to be appropriated for their satisfaction, and without obtaining which, their agreement was a nullity.

With these views, I forbear to enter into the very doubtful

question as to the rights claimed under the alleged parol trust by which Mr. Ellis held the policies.

There remains one other point to be considered. The Mutual Insurance Company of Albany, was sued by Peterson & Humphrey in the supreme court, on the 16th day of June, 1854; and on the 14th day of September, 1854, the company made an application in that court, under which an order was made substituting the present plaintiffs, and also the members of the firm Wright, Lanier & Co., defendants in place of the said company, under the 122d section of the Code, and directing that the said defendants, the company, pay the money due on the policy to the Life and Trust Company, to the credit of such action in the supreme court. This order recites the existence of the present action, and discharges the company.

The money was accordingly paid in under this order upon the 21st of September.

On an application of the present plaintiffs, an order was made by Judge MITCHELL, on the 20th of September, to show cause why this order should not be vacated or modified. This was obtained on affidavit stating principally the pendency of the present action in this court, and its comprehensive character.

On the 19th of September, 1854, an order was made in this cause, on the application of such company, in effect discharging such company as defendants in this suit, upon a certificate of the deposit in the Trust Company being produced, under the order made by the supreme court.

It authorized the company to retain $15, their costs in this action. I presume that when the deposit was made on the 21st, this was done.

On the 19th day of June, 1854, an action was commenced by Peterson & Humphrey against the Williamsburgh Insurance Company, upon another of the policies, in the supreme court. I understand nothing has been done in this action.

On the 19th day of June, 1854, an action was also commenced by Peterson & Humphrey against the Hamilton Insurance Company, in this court, and on the 15th of September,

1854, an order was made in that cause substituting the present plaintiffs, and the members of the firm of Wright, Lanier & Co., except Wright, as defendants in place of the company, directing a deposit in the Life Insurance and Trust Company, of the amount of the policy to the credit of that action in which Peterson & Humphrey were plaintiffs, and thereupon that such company be discharged from all liability for such fund. This order was without prejudice to any application to be made to transfer the money to the credit of this suit, or to any receiver who may be appointed herein.

It remains to be noticed that upon filing the complaint in this action, an injunction was granted restraining the members of the firm from receiving, and restraining the three companies from paying over, the amounts due upon the respective policies. This was granted on the first of July, 1854, and soon after served.

It is desirable to disentangle this case and the parties, from the complexity which attends it, by reason of the numerous suits and orders. I have no doubt of the power of this court to do so to a great extent, and probably with authority of the supreme court, to do it effectually.

This court obtained the injunctions in a suit—to which every one interested was a party, and in which the whole controversy can be decided—on the first of July, 1854. The pendency of suits in the supreme court, to which the present plaintiffs were not parties, and indeed are not at this moment parties, forms no objection to a decision here.

The effect of that decision will be for the supreme court to determine. As to the other cause pending here, it is under the control of this court. (1 *Hoffman's Practice*, 89, *and case cited.*)

The order will be drawn from the following heads:

1st. Appointing the New-York Life and Trust Company, the receiver in this cause of the policies in question, and directing a delivery to such company, with the usual powers to collect, &c.

2d. That the amount paid into such company by the Ham-

ilton Fire Insurance Company, and standing to the credit of the action of George F. Peterson, George S. Humphrey and William L. Mitchell against such company, be transferred to the credit of the said Life and Trust Company, as receivers in this action, and abide the further order or judgment of the court in this action.

3d. That all proceedings in such action in this court, wherein the said Peterson & Humphrey and Mitchell are plaintiffs, and said Hamilton Fire Insurance Company are defendants, be stayed until the further order of this court.

4th. That such Hamilton Fire Insurance Company be adjudged to be free from any liability to any party in this action, by reason of such policy of insurance, and be discharged from this action.

5th. That the said, the Williamsburgh Insurance Company, and any other party to this action, be at liberty, notwithstanding the injunction in this cause, to apply to the supreme court for such orders in the suit brought therein by the said George F. Peterson, George S. Humphrey and William L. Mitchell, against such company, as may be proper.

6th. That the said, the Mutual Insurance Company of Albany, and any other party to this action, be at liberty, notwithstanding the injunction in this cause, to apply to the supreme court for such order in the suit pending therein, wherein George F. Peterson, George F. Humphrey and William S. Mitchell are plaintiffs, and such company are defendants, as may be proper.

7th. That no costs of this application be allowed in favor of either party as against any other party.