## NILES *a*. BATTERSHALL.

### *N. Y. Superior Court; Special Term, October,* 1863.
### *Again, General Term, February,* 1864.

SECURITY ON APPEAL.—STAY OF PROCEEDINGS.—REFEREE'S RE-
PORT.—JUDGMENT AGAINST ONE OF SEVERAL DEFENDANTS.

Upon an appeal from the special term to the general term, no security is required
unless a stay of proceedings is sought.[*]

If a stay of proceedings is sought, the undertaking which is required for that pur-
pose must be served at the same time with the notice of appeal.

Where the undertaking is not served till afterwards, and no excuse for the defect
is shown, the court will refuse to stay proceedings.

Where a referee made two reports, one general, merely finding a certain sum to
be due, and the other special, containing findings of fact and conclusions of
law, and an award of the same sum as due ;—*Held*, that on appeal from the
judgment, the general report should be disregarded as defective and super-
flous.

Although, under the Code, a plaintiff may recover against one of several defend-
ants in an action upon a several contract, notwithstanding that he has in his
complaint alleged it to be a joint contract, he cannot deprive a defendant
served with process in the action of the right of having his co-contractors
joined with him, in order to have judgment entered against them all, to be
enforced against their joint property under section 136 of the Code, whether
they are served with process or not. Especially this cannot be effected by
first adding them as parties to the record, to prevent an answer in abatement,
and then dropping their names from the judgment, without leave of court or
notice to the defendant served.

This action was brought by William W. Niles against Lud-
low A. Battershall, and several other defendants. The nature
of the case sufficiently appears in the opinion. The plaintiff
having recovered judgment upon the report of a referee, de-
fendant Battershall appealed.

I. *October,* 1863.—Motion to stay proceedings.
The defendant served notice of appeal in due season, but

---

[*] See also Davis *a*. Duffie, 8 *Bosw.*, 691 ; Kitching *a*. Diehl, 40 *Barb.*, 433.

gave no undertaking for costs, &c., for want of which the plaintiff refused to receive the notice. The defendant subsequently filed security and served a copy, which the plaintiff refused to receive because too late. The defendant then served the notice and the undertaking together, but the plaintiff refused to receive them.

The defendant then moved at special term for an order staying proceedings pending the appeal, and for leave to give the security *nunc pro tunc.*

*W. W. Niles,* for the motion.

*R. W. Townsend,* opposed.

MONELL, J.—The service of the notice of appeal on the 21st September (it having been conceded on the argument that it was in time) was sufficient to perfect the appeal. No undertaking is necessary in an appeal from a special to a general term of this court. The refusal, therefore, of the plaintiff to receive it was irregular. To stay proceedings on the judgment appealed from, the appellant must either obtain an order from the court for that purpose, or he must file and serve an undertaking as required on an appeal to the Court of Appeals (*Code,* § 348) ; and it seems such undertaking must be filed, and a copy served with the notice of appeal. The undertaking, therefore, which was served on the 29th September, was too late. *Code,* § 340 ; N. Y. Central Ins. Co. *a.* Stafford, 10 *How. Pr.,* 344 ; Cushman *a.* Martin, 13 *Id.,* 402.)

There is no reason given in the moving affidavit for not serving the undertaking with the notice of appeal, and I am unable, therefore, under the authority of N. Y. Central Ins. Co. *a.* Safford (*supra*) to give the defendant the relief he asks for on this motion.

Upon furnishing a sufficient excuse for omitting to serve the undertaking at the time required, the court may relieve the appellant, and, upon proper terms, grant him a stay of proceedings. (*Code,* § 327.)

The appellant can go on with his appeal, his notice being sufficient for that purpose ; but as the case now stands, he cannot have a stay of proceedings. (Cushman *a.* Martin, *supra.*)

The motion is denied, without costs.

·II. *February*, 1864.—Appeal from the judgment.

By the Court.*—Robertson, Ch. J.—The referee to try the issues in this cause made two reports, one termed special, containing findings of fact and conclusions of law, and the other general, both of which contain an award of judgment in favor of the respondent against the appellant for a certain sum. The general report finds that sum to be due by reason of the matters and things contained in the complaint. The special issues of fact raised by the answer were, whether the services alleged by the respondent to be performed by him, were rendered for his own benefit or not, and whether the appellant employed him to render such services ; all the other matters in the complaint were controverted. Such general report did not dispose of such issues, as a report of referees is required by the Code to do (§ 272). What are issues, are defined by it (§ 250). And there was nothing in such general report by which to amend it (Peck *a.* Yorks, 14 *How. Pr.*, 416); it may therefore be regarded as superfluous.

Such special report gives as the referee's conclusions of law,

First, That the respondent was entitled to recover against the appellant a certain sum for the services mentioned in the finding of facts, which preceded in such report.

Second, That the respondent was entitled to judgment against the appellant for such sum, which last conclusion is repeated in the general report annexed. The judgment entered upon such report was against the appellant alone, as "impleaded," &c., for the same amount with costs, thus conceding that there were other parties to the record.

Such special report does not find explicitly that the appellant, either alone, or jointly with others not parties to the record, employed the respondent to render the services set out in the complaint, but merely that the appellant and others of the officers and stockholders of a certain company, in their individual capacities, employed the respondent professionally to attend to sundry matters affecting the property of such company. It does not state the name of such others, or whether they were the other defendants or not, although the complaint alleges that

Present, Robertson, Ch. J., and Garvin and McCunn, JJ.

all the defendants were officers and stockholders of such company. Although such report contains several items of evidence to show that the appellant was principally interested in having such services performed as the respondent rendered, there is no room to construe such report as a finding of a several contract made by the appellant alone.

If, however, such report is to be construed as deciding that the respondent was employed by the appellant alone, it is unsupported by evidence. The testimony. of the respondent, of two defendants (Van Buren and Davis), and of the counsel (Wilson), and secretary (Phillips) of the company, shows a joint retainer by all the defendants, and there was no evidence of a separate retainer by the appellant alone. The only difference between such witnesses was as to the character in which the defendants retained the respondent. Indeed, the referee, in his opinion, admits there were co-contractors of the appellant. Although, under the Code, a plaintiff may recover against one defendant, out of several, upon his several contract, notwithstanding the former has alleged it in his complaint to be joint (Claflin *a.* Butterfly, 5 *Duer*, 527 ; Parker *a.* Jackson, 16 *Barb.*, 33 ; Brumskill *a.* James, 1 *Kern.*, 294 ; Marquat *a.* Marquat, 2 *Ib.*, 342) ; he cannot deprive a defendant, served with process, of the right of having his co-contractors joined with him, in order to have judgment entered against them all, to be enforced against their joint property, under section 136 of the Code, whether they are served with process or not ; and particularly not by first adding them as parties on the record, to prevent an answer in abatement, and then dropping them in the judgment, without any leave of the court, or notice to the defendant served.

It is much to be regretted that an omission or defect of apparently so slight a character should prevent the respondent from reaping the benefit of a report in his favor for meritorious services, after a severe contest before the referee. If the referee had found a joint employment by the defendants as his report on the issue, the judgment might, perhaps, have been amended to correspond. But the judgment as actually given by him can only be sustained by the finding of a several contract, which the evidence does not support. The referee seems, by his subsequent certificate, to have supposed that he could

give judgment against any one defendant served with process, wholly disregarding the others. In that he is mistaken. He takes the place of the court and jury, and is as much bound after trying the issues to assess damages against the parties who have made default, or are not served with a summons, or who have pleaded, as he would have been under the former practice, since the judgment to be rendered upon his report is finally to determine the rights of the parties in the action. (*Code*, § 245.) I think it would have been better for all parties if the question of the value of the plaintiff's services had alone been referred, leaving the other questions to be determined by a jury, as was done by this court in Bowman *a.* Sheldon (1 *Duer*, 607), under section 271, subd. 2, of the Code. Questions of law may arise on the trial proper to be disposed of by the court. If the respondent chooses to modify the order of reference so as to confine it to a reference to determine the value of his services, leaving all other questions to be determined on a trial, it may remain, thus modified, otherwise it must be vacated.

The judgment must, at all events, be reversed, and a new trial ordered, subject to such modification of the order of reference, with costs to abide the event.