K. M. C. WILLIAMSON v. LOCK'S CREEK CANAL COMPANY.

*Offer of Compromise.*

An offer to compromise a suit under section 328 of the Code must be made by *all* the defendants or by their common attorney.

MOTION of defendant (in a case removed from Cumberland) to tax costs against the plaintiff, heard at December Special Term, 1880, of ROBESON Superior Court, before *Avery, J.*

Motion refused, appeal by defendant.

*Mr. Geo. M. Rose,* for plaintiff.

*Messrs. Rowland & McLean* and *W. A. Guthrie,* for defendant.

SMITH, C. J.   The action is to recover damages for diverting the flow of water from its natural channel to the plaintiff's mill, and diminishing the former supply, in which a verdict for one penny was rendered.   The case stood for trial on Wednesday of the second week of the term of Robeson superior court which began on October 25th, 1880, but was continued and tried at a special term held in December following.   On October 26th, 1880, a proposition was made to the plaintiff in writing and in these words:   In behalf of the defendants, I offer to allow judgment to be taken against the defendants in the above action (describing it by its title) for the sum of fifty dollars with costs.   (Signed by A. A. McKeithan.)

The defendants proposed to show in support of their motion to tax the plaintiff with the costs accrued since his failure to accept the offer, that it was made by the authority of all the defendants, and that the defendant McKeithan was president of the corporation and in that capacity had retained the attorney who was defending the action.   The evidence was rejected, and the court being of opinion that the offer was not a compliance with the provisions of section 328 of the Code, refused the motion and adjudged the costs against the defendants.

It is obvious the offer, to be sufficient under the statute, must be in a form that will enable the plaintiff, if he accepts it, to have judgment entered by the clerk conformably to the offer.   It must consequently come from all the defendants, or their common attorney at law, since otherwise the clerk would not be authorized to enter judgment against all.   It is equally plain that a verbal authority to be supported by intrinsic proof only, if indeed any such authority can be conferred upon one of several defendants by the others, to assent to such a record, will not warrant the entering up of judgment against all.   The plaintiff's right is to have judgment upon the submitted offer in the pending ac-

tion and consequently against all whom he has sued, and unless the offer is commensurate with this right, it is unavailing under the act.

This seems to be the construction put upon the section by the courts of New York, so far as our limited facilities of access to their reports will permit an examination to be made, and in our opinion is a fair and reasonable interpretation of its requirements. *Burney* v. *LeGal,* 19 Barb., 594; *Schneider* v. *Jacobi,* 1 Duer., 694.

There is no error and the judgment must be affirmed.

No error.                                        Affirmed.