Garrison agt. Garrison.

---

## SUPREME COURT.

JANE E. GARRISON agt. WILSON GARRISON and GUSTAVE HANNOCK.

EUGENE B. GARRISON agt. SAME.

LOVELETTE B. GARRISON agt. SAME.

*Code of Civil Procedure, sections* 738, 1932, 1278 — *Offer of judgment by one of several joint debtors or partners will not bind the others.*

There is no statutory authority allowing one joint debtor or partner to make an offer of judgment in behalf of his joint debtor or copartner. "*The like offer*," as used in section 738, of Code of Civil Procedure, means that judgment must be taken against him who makes the offer if *separate* judgment can be taken.

Section 1932 of the Code of Civil Procedure, allowing judgments to be entered in form against both joint debtors when only one is served, does not relate to judgments entered upon offers.

*Schenectady Special Term, June,* 1884.

THE defendants above named are copartners. The plaintiff Jane E. Garrison is the wife of the defendant Wilson Garrison, and the plaintiffs Eugene B. Garrison and Lovelette B. Garrison, are sons of the plaintiff Jane E. Garrison and the defendant Garrison. On the 6th day of June, 1884, the plaintiffs each commenced an action in the supreme court, entitled against the defendants, by the service of a summons and complaint upon the defendant Wilson Garrison only. On the same day the defendant Garrison retained an attorney,

who served upon the plaintiffs' attorney, offers in writing duly verified by said attorney, by which he offered to let the plaintiffs take judgments against both defendants for the full amount claimed in each case; said offers being signed by the attorney making said offers, as the attorney for the defendant Garrison.

The offers were accepted and judgments entered in Montgomery county clerk's office on the 6th day of June, 1884, in favor of each plaintiff and against the defendants. The defendant Hannock was not served with a summons or other process, and was in the same town at his place of business on said 6th day of June, 1884. The defendant Hannock moved at special term to set aside said judgments upon the grounds of irregularity and collusion.

*Richard Peck*, for defendant Hannock.

*George B. White*, for plaintiffs.

LANDON, *J.*— Section 738, Code of Civil Procedure, provides that the defendant may before trial serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him.

If there are two or more defendants and the action can be severed, a like offer may be made by one or more defendants against whom a separate judgment may be taken. What is "*the like offer?*" Clearly, that judgment may be taken against him who makes the offer, if *separate* judgment can be taken. There is no statutory authority allowing one joint debtor or partner to make an offer in behalf of his joint debtor or copartner.

Section 1932, allowing judgment to be entered in form against both joint debtors when only one is served, does not relate to judgments entered upon offers. Section 1278 relates to confessions of judgment, not to offers. The common-law power of one copartner to act as the agent of the firm is limited to the ordinary business of the firm (*Mabbett* agt.

*White*, 12 *N. Y.*, 442). The offer made in this case involves a question of statutory practice. The statute does not allow it.

The judgments entered against both defendants must there-fore be vacated and the same orders in the other cases, with costs (*See Tripp* agt. *Sanders*, 59 *How.*, 379; *Burney* agt. *Le Gal*, 19 *Barb.*, 592; *Bredenbecker* agt. *Mason*, 16 *How.*, 203; *Everson* agt. *Gehrman et al.*, 10 *How.*, 301).