McAdam, C. J.
The defendants are sued as partners upon a partnership indebtedness. The defendant John E. Quack *83 enbush appeared and defended the action. His co-defendant was not served with process and did not appear. John E. served an offer to allow judgment to be taken “ against him ” for sixty-five dollars and fifty-four cents, with interest from January 27, 1883, with costs. The plaintiff recovered a judgment against the defendants “jointly’’for seventy-two dollars and ninety-one cents, but this included interest, so that the judgment, “ in amount,” is not more favorable than the offer. The question presented is, whether the circumstance that the judgment recovered is a joint judgment against both defendants makes the recovery more favorable to the plaintiff than the offer of John E., which, in terms, was to allow judgment to be taken against “ him ” only. This depends upon the legal effect of the offer.made. If a joint judgment could have been entered upon the offer, the judgment recovered is not more favorable. If a joint judgment could not have been entered on the offer, the recovery is more favorable, because it is enforceable against the joint property of both defendants, as well as the separate property of the defendant served (Griffiths agt. De Forest, 16 Abb. Pr., 292).
The Code (sec. 1278) provides that “ one or more joint debtors may confess a judgment for a joint debt, due or to become due. Where all the joint debtors do not unite in the confession, the judgment must be entered and enforced against those only who confessed,” &c. The Code, in regard to offers to allow judgment (sec. 738), provides that “the defendant may, before the trial, serve upon the plaintiff’s attorney a written offer to allow judgment to be taken against him for a sum, or property, or to the effect therein specified, with costs. If there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants, against whom a separate judgment may be taken.” The present action was not severed, nor was it capable of severance, so that a separate judgment could have been taken against the defendant who made the offer (Code, sec. 1932; Niles agt. Battershall, 2 Robt., 146; 18 *84 Abb. Pr., 161; 27 How. Pr., 381; Nelson agt. Bostwick, 5 Hill, 37).
There seems to be no reported case construing this provision of the Code, excepting Garrison agt. Garrison (67 How. Pr., 271), wherein it was decided that there is no statutory authority allowing one joint debtor or partner to make an offer of judgment in behalf of his joint debtor or copartner, and that section 738 only applies to cases where a separate judgment must be taken against him who makes the offer; and that section 1392 of the Code, allowing judgments to be entered in form against both joint debtors when one only is served, does not relate to judgments entered upon offers. This construction seems to be in harmony with the evident intention of the codifiers, and accords with Everson agt. Gehrman (1 Abb. Pr., 167); Binney agt. Le Gal. (Id., 283; 10 How. Pr., 301; 19 Barb., 592 ; 2 Law Bull., 53). Offers to allow judgment are to be construed most strongly against the parties making them, as they have it in their power to choose their own language and make them definite and in accordance with every requirement (Bettis agt. Goodwill, 32 How. Pr., 142). Under the circumstances the joint judgment recovered by the plaintiff was more favorable than the offer, and it follows that the plaintiff is entitled to tax his costs.
The taxation by the clerk in favor of the defendant will, therefore, be reversed and-the clerk ordered to retax in accordance therewith.