RICH *v.* ROBERTS *et al.,* (two cases.)

*(City Court of New York, Special Term.* March 28, 1890.)

PARTNERSHIP—POWER OF PARTNER TO BIND FIRM—OFFER OF JUDGMENT.

Code Civil Proc. N. Y. § 738, providing that "defendant may, before trial, serve on the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum * * * therein specified," and that "if there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants, against whom a separate judgment may be taken," does not authorize one partner, on whom process against the firm is served, to bind his copartners by an offer of judgment against the firm.

Actions by Irving H. Rich against Herbert A. Roberts and Delia C. Rich for the value of services rendered, and by William A. Rich against the same defendants on a promissory note. Defendant Roberts moves that the judgment rendered therein be vacated as to him. Code Civil Proc. N. Y. § 738, is as follows: "The defendant may, before the trial, serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum, or property, or to the effect, therein specified, with costs. If there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants, against whom a separate judgment may be taken. If the plaintiff, within ten days thereafter, serves upon the defendant's attorney a written notice that he accepts the offer, he may file the summons, complaint, and offer, with proof of acceptance, and thereupon the clerk must enter judgment accordingly. If notice of acceptance is not thus given, the offer cannot be given in evidence upon the trial; but, if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time."

*Blumenstiel & Hirsch,* for plaintiffs. *Remsen & Parsons,* for defendant. Roberts.

FITZSIMONS, J. This is a motion to vacate and set aside, as against the defendant Roberts, the judgment entered in above actions. These judgments, in the aggregate, amount to $1,688.80. It appears that the defendants are copartners, carrying on business under the firm name of Roberts & Co. On March 18th the summons and complaint in each of these actions (the attorneys for each plaintiff being the same law firm, viz., Messrs. Blumenstiel & Hirsch) were served upon the defendant Delia C. Rich, who is the sister of the plaintiff. One action is based upon a promissory note alleged to be a firm note, and the other for services alleged to have been performed for the benefit of said firm. On March 18th a notice of appearance was served by Miss Rich, and on the same day she offered to allow judgment to be taken against her business firm for the full amount claimed in both actions, with costs. On the day following, these offers were accepted by the attorneys for both plaintiffs and judgments entered, and exceptions issued. I may not be an expert judge of handwriting, but a careful examination of the body of the offers of judgment herein, the acknowledgment following, and the signatures of the defendant Miss Rich and the notary public, I think, are remarkable for their exact similarity. This peculiarity, and other facts set forth in the moving papers of Roberts, and not denied by plaintiffs, in my opinion, sustain the contention of the defendant Roberts that these judgments are the result of a scheme to ruin his credit and business. These judgments, as above stated, were entered upon two offers of judgment, neither one of which the defendant Roberts saw or was aware of, and he emphatically denies that the causes of action alleged in the complaint exist against his firm. The section of the Code under which said offers were made is section 738. This section allows the defendant Rich to offer to allow judgment to be taken against herself, but it certainly does not allow her to make an offer whereby judgment may be entered against a business firm of which she is a member. *Garrison* v. *Gar-*

*rison,* 67 How. Pr. 271. Where copartners are sued, one partner cannot bind the other members of his firm by offering to allow judgment in any action against the firm, (*Weed* v. *Bergstresser,* 2 Law Bull. 55; *Binney* v. *Le Gal,* 19 Barb. 592,) except where there is evidence that the other partner authorized such offer, or assented to it. It is evident that the defendant Roberts did not authorize the offers made in these cases, nor does he assent thereto. For the reasons that I believe, as a matter of fact, that these judgments are fraudulent against the defendant Roberts, and, as a matter of law, one copartner cannot make the offer permitted by section 738 of the Code against his firm without consent of such firm, I order and direct that these judgments be vacated and canceled as against the defendant Roberts, and that they stand only against defendant Rich individually. Submit an order.