ROSENBERG v. BOEHM et al.

(Supreme Court, Special Term, New York County. June 26, 1893.)

JUDGMENT—CONFESSION BY PARTNER—RATIFICATION BY COPARTNER.

A judgment against partners, entered on an offer made by one partner, who alone was served with process, will not be set aside at the instance of a creditor of the firm, where the offer of judgment was ratified by the partner not served, and the indebtedness of the firm to the judgment creditor is conceded.

Action by Sabina Rosenberg against Samuel C. Boehm, Gustave S. Boehm, and Max S. Boehm, constituting the firm of S. C. Boehm & Co., Jacob H. Heller and Louis Rabinovic, constituting the firm of Heller & Rabinovic, and John J. Gorman, sheriff of the city and county of New York, to set aside a judgment entered in favor of S. C. Boehm & Co. in an action brought by them against Heller & Rabinovic. Judgment for defendants.

In August, 1892, S. C. Boehm & Co. brought an action against Heller & Rabinovic for goods sold. The summons and complaint were served upon Jacob H. Heller only, and on the same day he made an offer in writing, under Code of Civil Procedure, § 738, to allow S. C. Boehm & Co. to enter judgment for the amount claimed against himself and his partner, Rabinovic, as to their joint property. Judgment was entered accordingly, and execution was issued against their joint property, and returned satisfied. Subsequently Rabinovic ratified in writing the offer to allow judgment made by Heller. Sabina Rosenberg, a creditor of Heller & Rabinovic, then recovered judgment by default against them, and brought this action to set aside the judgment entered by the defendants Boehm against Heller & Rabinovic on the offer to allow judgment, signed by Heller alone.

Ira Leo Bamberger and Franklin Bien for plaintiff.

W. E. Stillings, for defendant Gorman.

Felix H. Levy and B. F. Einstein, for defendants Boehm.

TRUAX, J. In Garrison v. Garrison, 67 How. Pr. 271, the defendant who had been served with a summons offered to let the plaintiff take judgment against himself and the defendant who had not been served with summons. This offer was signed by an attorney, who appeared as the attorney for the defendant who had been served. The offer was accepted, and judgment was entered against both defendants. The defendant who had not been served moved to set the judgment aside upon the grounds of irregularity and collusion. In Rich v. Roberts, (City Ct. N. Y.) 10 N. Y. Supp. 915, the motion to vacate judgment was made by the defendant who had not been served and who denied any indebtedness. The court said that the judgment was fraudulent. In the case at bar the indebtedness of the defendants is conceded, and the act of one defendant in offering to allow judgment was ratified by the other defendant. It was said in Binney v. Le Gal, 19 Barb. 592, that one partner cannot, without the assent of his copartners, make an offer on behalf of himself and his copartners to allow judgment. This is, in effect, saying that with the assent of his copartner he may make such an offer; while in Weed v. Bergstresser, 2 N. Y. Law Bul. 55, it was held that, where copartners are served, an offer to allow judgment

is not within the power or authority of one of them unless there is evidence that the other party approved or ratified it. But it was expressly held in Emery v. Emery, 9 How. Pr. 130, that one defendant, a joint debtor, served with process, may, by an offer to allow judgment, bind his codefendant, not served, as to joint property. See Paton v. Wright, 15 How. Pr. 489. In the case at bar the indebtedness is conceded, and both of the defendants are willing to allow the judgment to stand. I see no reason why it should be set aside at the suit of another creditor of the judgment debtor. Judgment is ordered for the defendants, with costs.