CORA E. WYATT AND L. R. WYATT v. W. S. WILSON AND A. H. MARTIN.

(Filed 31 March, 1910.)

**Judgment, Tender of—Court Costs—Insufficiency of Tender.**

In a justice's court judgment was rendered against two defendants, from which one only appealed, and, pending the appeal, tendered in cash as a satisfaction of the judgment as to himself a less sum than the amount of the'justice's judgment, but more than that ultimately rendered in the Superior Court against him. Assuming that such an offer of compromise of this case under Revisal, sec. 860, can be made, it was not made in behalf of both defendants, not commensurate with plaintiff's right of judgment against both, and insufficient to tax plaintiff' with cost in the Superior Court.

APPEAL by defendant Wilson from *W. R. Allen, J.,* at October Term, 1909, of WAKE.

The facts are stated in the opinion of the Court.

*Holding & Bunn* for plaintiffs.
*Jones & Bailey* for defendants.

WALKER, J. This action was brought in a court of a justice of the peace, by the plaintiffs against the defendants, W. S. Wilson and A. H. Martin, trading as the Wilson Lumber Company, to recover the sum of $117.85, which the plaintiffs allege was the balance due for rent of a house and lot. The justice, after hearing the case, rendered judgment in favor of the plaintiffs and against the defendants, W. S. Wilson and A. H. Martin, for the sum of $106.09, and the defendant W. S. Wilson appealed to the Superior Court and paid the justice's fees for the return of the appeal, but before said appeal was perfected the defendant W. S. Wilson, by his attorney, tendered in writing to the plaintiffs the sum of $100.25 in cash and the amount of the costs in the justice's court, which tender was offered in full settlement of the judgment recovered by plaintiffs against both the defendants. This tender the plaintiffs refused. The defendant A. H. Martin did not appeal from the judgment of the

WYATT *v.* WILSON.

justice, and made no tender of any kind. The appeal taken by the defendant Wilson was duly docketed in the Superior Court and the action was tried, as against him, at October Term, 1909. The jury, under the evidence and the instructions of the judge, rendered a verdict for the plaintiffs upon the issue submitted to them, as to the amount of the indebtedness, for the sum of $90, with interest on the same from 1 January, 1908, which amount is, of course, less than the tender made by the defendant W. S. Wilson, as above stated. A. H. Martin did not appear in person, or by counsel, in the Superior Court, but the action was tried against Wilson alone. After the jury had rendered their verdict, the defendant W. S. Wilson, by his counsel, tendered a judgment in favor of the plaintiffs and against the defendant W. S. Wilson for the said amount of $90 and the costs which had accrued in the justice's court, but taxed the plaintiffs with the costs of the Superior Court. The plaintiffs objected to said judgment, and tendered a judgment for the amount of the verdict with the costs of both courts, and this judgment was signed by the presiding judge and entered on the record. The defendant W. S. Wilson excepted to said judgment and appealed to this Court.

Assuming that an offer of compromise can be made in a case of this kind, under Revisal, sec. 860, the tender must be of a judgment against all the defendants, and must be made in behalf of all of them, and this construction of the statute is strikingly illustrated by the facts of this case. If the plaintiffs had been required to accept the tender of judgment made by the defendant, they would have lost the difference between the amount of such tender and the amount of the judgment they had recovered against Martin, who did not appeal. The defendant Wilson did not tender a judgment at all, but so much money in cash, which was less than the judgment recovered in the justice's court. This tender was clearly not in accordance with the said section. It was said in *Williamson v. Canal Co.,* 84 N. C., 630, that "a plaintiff's right is to have judgment upon the submitted offer in the pending action, and consequently against all whom he has sued, and unless the offer is commensurate with this right, it is unavailing under the act." This case seems to be directly in point and fully answers the contention of the defendant W. S. Wilson, who has appealed from the judgment rendered in the court below.