WILLIAM D. NUTT, EXECUTOR OF ALEXANDER HUNTER, DECEASED, PLAINTIFF IN ERROR, *v.* PHILIP H. MINOR.

Where the marshal of the District of Columbia engaged the services of a clerk for a stipulated sum per annum, and the service continued without any new agreement, and the jury were instructed that they might imply a new agreement to pay the clerk at a different rate, this instruction was erroneous. There was nothing in the evidence from which the jury could imply such new agreement.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Washington.

The facts are stated in the opinion of the court.

It was argued by *Mr. Bradley* and *Mr. Davis*, for the plaintiff in error, and by *Mr. Lawrence*, with whom was *Mr. Carlisle*, for the defendant in error.

Mr. Justice CATRON delivered the opinion of the court.

Alexander Hunter was appointed marshal of the District of Columbia in 1834, and continued to fill that office by reappointments, until June, 1848, at which time he died. Shortly after he entered on the duties of his office, in 1834, he appointed Daniel Minor his deputy for the county of Alexandria, where a separate court was held and jurisdiction exercised; and for that county Daniel Minor was practically marshal.

Philip H. Minor, the plaintiff below, was the brother of Daniel Minor, who, being desirous to obtain the office of clerk to the marshal for Philip H., applied to Hunter for this purpose, and advised him to employ Philip H. as his clerk, and Hunter agreed to do so; Daniel and Philip came up from Alexandria to Washington, and, in the marshal's room, a conversation took place between Philip H. Minor, Hunter the marshal, and Daniel Minor the deputy. Hunter proposed to give, as salary for the service, two hundred dollars per annum, and that Daniel Minor as deputy for Alexandria county, should give one hundred dollars, making the salary three hundred dollars. Daniel Minor insisted that the salary should be larger; Hunter replied, that he was just in office and did not know what the profits would be, nor what the value of the duties to be discharged by the clerk would be; and that he did not feel justified in giving a larger salary. Daniel Minor then offered, that if Hunter would pay two hundred and fifty dollars, he would pay one hundred and fifty towards the salary, which was agreed to by Hunter and Daniel Minor on the one part, and by Philip H. Minor on the other.

Daniel Minor, who was the principal witness, testified to the

foregoing facts for the plaintiff below, on the trial; and further deposed, that he took his brother Philip aside and conversed with him out of the hearing of Hunter, and advised him to take the offer for a year, small as it was; and accordingly Philip H. assented; that nothing was said about a continuance of the agreement after the first year.

Daniel Minor further deposed, that he told his brother Philip, in the foregoing conversation, " that the substance of the matter was an agreement confined to one year, and that the compensation would be afterwards made adequate to the services, and the value of the office; and that this was urged upon Philip as an inducement to agree to the engagement for the year; but that Hunter did not authorize the witness Daniel Minor, to promise Philip H. that he would be engaged after the first year at a higher compensation."

Daniel Minor also deposed, that he suggested to Hunter during the first year's service, that the salary of Philip H. should be increased, but Hunter declined doing so. The agreement was precise: Hunter was to pay 250 dollars, and Daniel Minor 150 dollars, as clerk hire, per annum; nor was the contract limited to one year, so far as Hunter entered into it; it was general, at the rate stipulated, for any length of time that Hunter might remain in office, or that Philip H. Minor might see proper to serve, and Hunter and Daniel Minor see proper to retain him as clerk. It is most obvious that the court and jury held Hunter bound by what Daniel Minor promised in the absence of Hunter, and without his knowledge, and contrary to his consent. There is an entire absence of proof, that Hunter ever assented, by word or act, to raise the salary of Philip H. Minor as clerk; nor does it appear that the latter at any time applied to Hunter in person, and insisted, or even suggested that his salary should be increased, until February, 1847, when the letter offered in evidence was written; on the contrary, he received the salary of 400 dollars, as at first stipulated, for fourteen years, regularly crediting himself with it on the marshal's books, each year.

If we reject Daniel Minor's evidence as incompetent to bind Hunter, so far as he used persuasions in Hunter's absence to induce Philip H. Minor to hope, and probably believe, that Hunter would raise his salary, then the case, as proved by the plaintiff below, rests alone on the special agreement made in 1834; and we think it must be stripped of all these conversations between Daniel Minor and his brother, to which Hunter never assented.

Nutt was sued as Hunter's executor, for work and labor, care and diligence, done and performed by Minor in and about the business of Hunter in his lifetime, and at his special instance and request. And also for sundry matters and things properly

chargeable in an account therewith filed; and on these allega-
tions of a *quantum meruit*, Hunter's estate was charged for 400
dollars per annum, in addition to the 400 dollars annually paid on
the special agreement, running through the whole time of Minor's
service; and a verdict was had, and a judgment rendered for five
thousand and fifty-five dollars and seventy-three cents, against
the estate, which was held responsible, regardless of the fact
that Daniel Minor was bound to pay one hundred and fifty dol-
lars of the four hundred, from April, 1834, to June, 1847, when
Alexandria county was retroceded to Virginia by Congress.

On this state of facts, the court was asked to instruct the jury,
(among other things) that "if from the whole evidence afore-
said, the jury shall find that in April, 1834, the plaintiff entered
into the employment of the deceased to serve him as clerk at a
salary of 400 dollars for a single year, and thereafter continued
to serve the said Hunter as clerk aforesaid, during the whole
time mentioned in said account and declaration, and that no
new agreement was made between the said plaintiff and said
Hunter, for a compensation different from that which was as
aforesaid first agreed upon between them; and if they shall fur-
ther find that said Hunter in his lifetime fully paid said plaintiff
for his said services, at the rate aforesaid, then the plaintiff is
not entitled to recover in this action; which instruction the court
refused to give as prayed, but did modify the same by inserting
the words "express or implied" between the words "agree-
ment" and "was made."

By thus modifying the instruction, the court told the jury, in
substance, that they might find on the allegation of a *quantum
meruit*, for work and labor done, and for services performed, and
hold that an agreement to pay on Hunter's part, might be "im-
plied," because of the performance of the services; and, that a
verdict might be found equal to the value of such services, ac-
cording to the proof, deducting therefrom the amount already
paid on the special agreement; and that such agreement did
not preclude the plaintiff below from recovering additional
compensation, to any amount that the jury should think he was
entitled to.   That the instruction as given did reject the special
agreement, and leave the jury free to imply a new promise aris-
ing on the *quantum meruit*, for labor and services, is manifest;
and therefore we are of opinion, that the instruction as pro-
pounded, ought to have been given without an addition of the
words "express or implied," as inserted by the Circuit Court.

The letter, offered in evidence, was a plain attempt on the part
of the plaintiff to make evidence for himself.   It could only be
offered for the purpose of showing that Hunter was thereby
notified of Minor's unwillingness to act as clerk after the notice,

Nutt *v.* Minor.

unless his compensation was increased, and that he would quit unless there was an increase; or as evidence to be taken in connection with other subsequent proof, showing that Hunter assented to the propositions contained in the letter. But as Hunter not only refused to sanction the demand set up, but indignantly resisted, and resented it, the letter could be of no value to establish a new promise; nor can it be of any value as notice that additional compensation would be claimed for services rendered thereafter, because the plaintiff, with full knowledge of Hunter's determined rejection of the claim, continued to perform his duties as clerk, and to receive his salary of 400 dollars as usual, and thereby submitted to Hunter's assumption that the salary was governed by the special agreement made in 1834. We are of opinion that this letter should have been objected to as evidence, and the party offering it compelled by the court to state for what purpose it was offered; so that it might have been inspected and passed on by the court, without being read to the jury. As, however, this course was not pursued at the trial by the defendant's counsel, and a general objection made to reading the letter for any purpose, we do not think the court erred in admitting the evidence in the first instance, although it ought certainly to have been rejected and taken from the jury, after the evidence was closed, had a motion been made to this effect, because it was unsustained by other evidence that Hunter assented to the claim made by the letter. But as no motion was made to withdraw this piece of evidence, the court properly left it with the jury.

We order that the judgment of the Circuit Court be reversed, and that the cause be remanded for another trial.

## Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Washington, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged, by this court, that the judgment of the said Circuit Court in this cause be, and the same is, hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to award a *venire facias de novo*.