## BINNEY a. LE GAL.

*Supreme Court, First District; General Term, February,* 1855.

### PARTNERS.—AUTHORITY IN SUITS.

A judgment entered up against two partners upon an offer in writing made by one, will be set aside as irregular as against the other, unless there is evidence from which it may be inferred that he authorized or ratified the offer.

Appeal from an order at special term, setting aside a judgment and subsequent proceeding upon terms.

Judgment in this action was entered against both defendants, Le Gal and Borland, upon an offer made by Le Gal, to allow the plaintiff to take judgment. Borland moved to set the judgment and execution aside. Being required to give security as the condition on which this relief would be granted, he appealed to the general term. The facts in detail are stated in the opinion.

MITCHELL, J.—The defendants are partners, and (so far as the affidavits show), are indebted to the plaintiff for moneys of his applied in the use of the firm by the concurrence of both defendants. A summons in this action was served on Le Gal on the 20th of February, 1854, and on Borland on the same or following day. On the 22d, Le Gal, alone, but in the name of the firm, and signing for both defendants, made a written offer that the plaintiff might take judgment for $1000 with interest and costs. This was accepted on the 24th, and on the same day judgment was entered and execution issued; when it was discovered that Borland had assigned the stock on the 23d of the month, and that the assignee was in possession. Borland moved promptly to set aside the judgment and execution as against him, and this was granted, but only on

the condition that he should give security to pay the amount
of any recovery against him. He appeals; and the question
is,—is the judgment regular as against him?

The plaintiff's *attorney* says in an affidavit used on the
motion, that on the twenty-third of February, he "served the
*defendants* with a notice of acceptance of the offer." Borland
says in his affidavit that he was informed on the *twenty-eighth*
of February, that Le Gal had made the offer. This last affi-
davit was served on the plaintiff's attorney, and he does not
deny that the twenty-eighth was the first day on which Bor-
land received notice that the offer had been made; he pro-
bably used the general terms "he served the defendants with
notice of the acceptance," on the ground that Le Gal was
regarded by him as the representative of both, and that ser-
vice on him was service on both. It is to be inferred that no
notice of acceptance was served on Borland.

Since this case was decided at special term, the subject of
the right of one partner to bind another in a suit of law has
been before the court at general term in Everson *a.* Gehrman,[*]
decided December, 1854, and it was held that he had no such
power when acting against the wishes of his co-partner, and
that his implied power was only to act in suits at law accord-
ing to the express or implied wish of such co-partner. Here
both partners were at hand, the plaintiff or his attorney had
spoken with both as to some arrangement of this action, and
Borland had told the plaintiff's attorney that he had the entire
management of the business affairs of Le Gal and Borland,
and that he could not then settle the debt, but that if he could
raise half the debt he would, if Le Gal would raise the rest,
and his counsel should approve it; (see La Bau's affidavit).
The plaintiff was thus notified that Borland was the manager
of this matter, and so far from committing his interest in it to
Le Gal, he claimed to control the business, and had his own
counsel to act for him. Borland, therefore, did no act to
lead the plaintiff to suppose that Le Gal might act for him,
but did directly the contrary. Under these circumstances Le
Gal had no power to make the offer, except for himself, and

[*] *Ante,* 165.

the judgment was irregular as to Borland, and should be set aside as against him without any condition. One partner has no power to make the offer to the plaintiff to take judgment under the Code on behalf of himself and his co-partner, without some evidence from which it is to be inferred that his co-partner authorized him to make the offer, or assented to it. Where an attorney appears for both, and there is no contrivance in employing him to appear, his appearance on the record may make the judgment regular.

The order appealed from should be modified accordingly without costs.