## SUPREME COURT.

WILLIAM BRIDENBECKER, President of Frankfort Bank agt.
DANIEL MASON, HENRY C. JOHNSON and PETER J. HO-
TALING.

THE MOHAWK VALLEY BANK agt. THE SAME.

When a judgment is fraudulent or is invalid by reason of some substantial defect,
it will be set aside on the application of *any* party interested in impeaching it.

The *offer of judgment* under § 385 of the Code, is not confined to actions upon con-
tract, nor is the privilege confined to actions against a sole defendant, but ex-
tends to actions against several. Whether all who have been served with
process, should not join in the offer unless the plaintiff is entitled to judgment
by default against those not uniting in the offer, is questionable. The offer
should be such, and made at such a time, that the plaintiff may at once avail
himself of it, and take his judgment.

"The defendant," in the section means a sole defendant, or all the defendants
who have been served with process, who really make but one "party" to the
action.

One copartner, where all are served with process, has no authority to confess judgment for his co-defendants. The implied agency resulting from the relation of the parties does not extend to an act like that. He can only bind himself.

In this case, the actions were upon demands arising upon contract against the firm of "D. Mason & Co.," the defendants constituting that firm, at the time the contracts were made. One action was commenced by the service of a summons, and the other by service of a summons and complaint upon all the defendants personally, on the same day. And on the same day, Mason, without the knowledge of his co-defendants, served upon the attorneys of the respective plaintiffs an offer of judgment under § 385 of the Code, signed "D. Mason & Co.," and "D. Mason." Upon such offer, the judgments were perfected the same day against all the defendants.

*Held*, that the judgments were entered without authority as against Johnson & Hotaling, the co-defendants of Mason. 1st. Because there was no authority to Mason to make and sign the offer as a *special agent* of the other defendants. To authorize such an offer, some proofs of authority should accompany the act, and make a part of the proceedings and record in the case. And a *special attorney* must also be approved and ratified by the court, before he can act as an attorney in the conduct and management of a cause.

2d. The offer does not purport to be signed by Johnson & Hotaling, or in their behalf. The signature "D. Mason & Co.," does not authorize judgment against them. The addition of " & Co.," to the name of D. Mason, is no authority to the clerk of the court to enter judgment against any one.

3d. The judgments were not good even against Mason, for the reason that the papers filed showed service on the other defendants, and that the time for them to answer had not expired.

*It seems*, that had *Mason employed an attorney* to appear for all the defendants, and he had served the offer as such attorney without fraud or collusion, the judgments would have been technically regular, and would probably have been sustained.

MOTION on behalf of the Bank of Central New-York, a judgment creditor of the defendants, to set aside the judgments in the above actions, and for such other relief as the moving party may be entitled to. The judgment in favor of the Bank of Central New-York, was perfected on the 6th of February, 1858, against all the defendants, upon confession of judgment by all. The judgments in the above actions were perfected on the 22d day of January, 1858, on which day they were commenced, the one by the service of a summons, and the other by service of a summons and complaint, upon all the defendants personally. The actions were upon demands arising upon contract against the firm of " D. Mason & Co.," the de-

fendants constituting that firm at the time the contracts were made. On the same day, Mason, without the knowledge of his co-defendants, served upon the attorneys of the respective plaintiffs, an offer of judgment under § 385 of the Code, signed "D. Mason & Co.," and "D. Mason." Upon such offer, the judgment was perfected against all the defendants.

GEO. W. SMITH, *for motion.*
GEO. A. HARDIN, *opposed.*

W. F. ALLEN, Justice. The contest is between creditors of the late firm of D. Mason & Co., for priority in the collection of the debts, and in this "race of legal diligence," the parties must stand upon the legal rights which they have acquired by their vigilance. A mere irregularity in the prior judgments will not be available to the junior judgment debtor upon this motion. A want of conformity to some rule of practice, which does not go to the foundation of the judgments or the jurisdiction of the court, may be waived by the parties to the proceeding, and will be considered as waived if not seasonably objected to by them.

Third persons cannot take the objection that the judgment or proceeding is irregular. (2 *Chitty Arch.* 1376.) But when a judgment is fraudulent or is invalid by reason of some substantial defect, it will be set aside on the application of any party interested in impeaching it. (*Martin* agt. *Martin*, 3 *B. & Ad.* 934; *Hand* agt. *Barton*, 3 *B. & C.* 202; *Chappel* agt. *Chappel*, 2 *Ker.* 215.)

The judgments complained of, were entered under the authority of the 385th section of the Code. This section has in practice been greatly perverted from its true and proper purpose, and made to supply the place of a confession of judgment without action, and in a way to dispense with the safeguard and securities against fraud which are thrown around the latter method of obtaining a judgment for an acknowledged demand.

In the confession of judgment under the Code, the public

have some security in the oath of the party that the consideration is fair and honest, and the amount really due or to become due to the creditor, or that it is honestly given to secure against a contingent liability. It was not the design of the legislature to provide a way by which the public should be deprived of this security. The purpose and object of § 385 and succeeding sections, are clearly indicated by the title of the chapter, as well as by the report of the commissioners by whom it was reported to the legislature. The Code requires that in actions arising upon contract for the recovery of money only, the plaintiff shall insert in the summons a notice that he will take judgment for a sum specified therein. (*Code*, § 129.) If the defendant does not desire to contest this amount, he may suffer judgment to pass by default and without appearance. If he concedes the cause of action to an amount less than that claimed, or is willing to concede something rather than litigate, he may, by way of compromise, make the offer of judgment under this section, and this offer is not confined to actions upon contract. In most cases, this provision is resorted to in fraud of the chapter regulating the confession of judgments, and very seldom to accomplish the good intent of its framers. Perhaps the courts might say, that in cases where the commencement of an action is merely formal, and to enable the defendant to make an offer of judgment, and thus in substance immediately confess a judgment for the demand of the plaintiff, without complying with the statutory forms, it should not stand as against third persons having an interest to question its validity. The proceeding is, however, within the letter of the statute, and in the face of the very general practice sanctioned in part, perhaps, by the acquiescence of the courts. I will not venture to decide now that it must not be tolerated. The question then is, whether these judgments are in conformity with the statute under which they purport to have been entered.

The Code authorizes the defendant to serve upon the plaintiff an offer in writing, to allow judgment to be taken against him for the sum or property, or to the effect therein specified,

Bridenbecker agt. Mason.

with costs. This privilege is not confined to actions against a sole defendant, but extends to actions against several. Whether all who have been served with process should not join in the offer unless the plaintiff is entitled to judgment by default against those not uniting in the offer, is questionable. The offer should be such and made at such a time, that the plaintiff may at once avail himself of it and take his judgment. If only one of several defendants jointly liable upon the cause of action stated in the complaint, all of whom have been served with process, offers a confession of judgment under this section, while the other defendants may still come in and litigate, the plaintiff may be greatly embarrassed. The one defendant may offer judgment for a sum which the plaintiff might consent to take for the sake of peace, but which he would be unwilling to take except upon that consideration. And if he must still litigate with the other defendants, all inducements to accept the offer are gone. Again; to accept in a case of unliquidated damages, an offer of judgment by one defendant for a specific sum, while the verdict against the other might be for a very different sum, would be out of the question, as no joint judgment could, in that case, be given.

"The defendant," in the section means a sole defendant, or all the defendants who have been served with process, who really make but one "party" to the action. This is the effect of the decision in *La Farge* agt. *Chilson*, (3 *Sandf. Reps.* 752.) The court in that case very carefully limit the right of one or more of several defendants to serve an offer under this section, to the case where the suit is so situated in respect to the other defendants, that the plaintiff may at once enter judgment to the effect offered against all the parties jointly liable with those making the offer, as where the co-defendants' time to answer had expired, and they had not appeared.

In the other cases in which an offer from one of several defendants has been held proper, only the defendants making the offer had been served with process, so that upon accepting the offer the plaintiff was immediately entitled to judgment against all the defendants in form, but which should affect only

the individual property of those joining in the offer. (*Orwell* agt. *McLaughlin,* 10 *N. Y. Leg. Obs.* 316; *Lippman* agt. *Joeslin,* 1 *C. R. N. S.* 161; *Emery* agt. *Emery,* 9 *How.* 130.) These judgments were sustained under the provisions regulating proceedings against joint and several debtors. (*Code,* § 136.) The rule was the same under the former practice. (*Pardee* agt. *Haynes,* 10 *Wendell's R.* 630.) If the summons be only served on a portion of the defendants jointly indebted, as in this case, the plaintiff may proceed against the defendant served, and if he recover judgment it may be entered against all the defendants, to be enforced against the joint property of all, and the several property of the defendants served, and in the case of joint debtors the judgment must be in form against all. (*Stanwood* agt. *Mather,* 7 *How.* 4.) If all the defendants have been served with process, then the judgment must be joint against all the defendants, except when the demand is such that the plaintiff could proceed against the defendants severally for its collection. Of course, the plaintiff cannot in such case, take judgment in form against all upon a joint demand, before the expiration of the time for all to answer, either by the consent of one of the defendants or because he may be entitled to a judgment by default against one. The judgments in question, are, therefore, not valid judgments under the provisions of the law regulating judgments against joint debtors, and must be supported, if at all, upon the offer of judgment served by Mason.

As a copartner of the other defendants, Mason had no authority to confess the judgment for his co-defendants. The implied agency resulting from the relation of the parties did not extend to an act like that. He could only bind himself. (*Everson* agt. *Gehrman,* 10 *How.* 301; *Barney* agt. *Le Gal,* 19 *Barb.* 592; *Rathbun* agt. *Drakeford,* 6 *Bing.* 375.) In *Emery* agt. *Emery,* (*supra,*) it is very clearly put forth, that one partner cannot by a confession of judgment bind his copartners, further than the judgment regularly taken binds the joint property of the defendants not served with process. (*McBride* agt. *Hagen,* 1 *W. R.* 326.) There is no pretence in the opposing affidavits

of any special authority to Mason to give the judgment to the plaintiff in these actions. The general talk between the partners about securing the debts, or rather about the propriety of securing them, did not, and was not understood by the parties to confer upon either the right to confess a judgment for all, or to do any act to bind the rest beyond the acts which one partner may ordinarily do in the name of his firm.

A judgment was not thought of as a means of security to the creditors. No action had been commenced, and none, so far as we know, was contemplated. The special authority predicated upon the general understanding of the partners that these debts ought to be secured, is evidently an afterthought. The defendants were all served with process on the same day, and on the day the offer was served, and of course were on hand to sign any offer in which they concurred. *Had Mason employed an attorney* to appear for all the defendants, and he had served the offer as such attorney, without fraud or collusion, the judgment would have been technically regular, and very likely within the precedents would have been sustained. (*Grazebrook* agt. *McCredie*, 9 *W.* 437; *Church* agt. *Ten Eyck*, *Onondaga Special Term*, 1856; *Griswold* agt. *Griswold*, 14 *How.* 466.) In that case, the judgments would be upheld in pursuance of the technical rule of practice and somewhat in conflict with another principle advanced by the courts that they "should not sanction any act which would encourage concealment and contrivance between partners, who owe each other confidence and good faith."

The offer of judgment must be in writing. It must be signed by or in behalf of the defendants to be bound by it and against whom judgment is to be taken, and can only be signed in one of three ways. 1st. By the defendants in person, each signing his own proper name. 2d. By an agent especially authorized to sign the same for them and in their name, or, 3d. By an attorney of this court whose authority to represent the parties will be presumed. The offers in these cases were not signed in either of these methods. It is not claimed that they are signed in either the 1st or 3d form. To authorize an en-

Bridenbecker agt. Mason.

try of judgment upon an offer signed in the manner secondly mentioned, that is by a special agent, some proof of authority should accompany the act, and make a part of the proceedings and record in the case. The special attorney must also be approved and ratified by the court, before he can act as an attorney in the conduct and management of a cause. (*Roy* agt. *Heily*, 1st *Duer*, 637.) There is no such special authority, and there is no authority from the court, for Mason to act as special attorney for his co-defendants.

For still another reason, the judgments must be held to have been entered without authority as against Johnson & Hotaling. The offer does not purport to be signed for them or in their behalf. The signature "D. Mason & Co.," does not authorize judgment against them. The addition of " & Co.,". to the name of D. Mason, is no authority to the clerk of this court to enter judgment against any one. The law requires certainty in the description of the parties, and those seeking to bind individuals by judicial acts, must see to it, at least that they are properly named. It is not a good judgment even against Mason, for the reason that the papers filed showed service on the other defendants, and that the time for them to answer had not expired. (*Barney* agt. *Le Gal*, *supra*.) The moving party may in this case; object to the want of authority in the clerk to enter these judgments. If the plaintiffs are permitted to retain them as against the defendants not uniting in the offer, they will be entitled to take advantage of their own wrong and disregard of the well settled rules of practice, as well as of the statutory provisions under which alone the court by its clerk has authority to take judgment. The moving party here must have commenced his action before the service of the process in these actions, and by the regular course of practice obtained judgment, and yet if these judgments are upheld, these plaintiffs without authority of law and without the assent of two of the three defendants, will be enabled to deprive the Bank of Central New-York of the just reward of its diligence and an adherence to the practice of the court. I do not refer to the omissions of Johnson & Hotaling to move for relief; they may

have lost the right by laches, but if the judgments were entered without authority, they were void as against subsequent judgment creditors, who are not affected by the subsequent assent or waiver of the defendants.

The judgment must be set aside, with $10 costs of one motion, unless the plaintiffs elect to retain their judgment and executions against Mason as a several judgment, striking out the name of Hotaling & Johnson from the judgment and the docket.