## SUPREME COURT.

JOHN GRIFFITHS agt. STEPHEN A. DE FOREST, EDWARD B.
HARDEE, HENRY S. VAN ETTEN and GILBERT LEFEVRE.

Where a plaintiff brings an action on a joint and several obligation against *several
defendants,* he is not bound, at the peril of being subjected to costs, to accept an
*offer of judgment* under § 385 of the Code, from *a part of the defendants only.*
And where the plaintiff in such case after trial recovers judgment against *all* the
defendants, but not so favorable a judgment as the offer made by a part of the
defendants, the *plaintiff is entitled to costs.* But he must serve a notice of ad-
justment or readjustment of costs on the defendants who have appeared.

*Albany General Term, September,* 1862.

HOGEBOOM, PECKHAM and MILLER, *Justices.*

APPEAL from order of special term regulating adjust-
ment of costs under section 385 of the Code.

The plaintiff brought this action upon a joint and several undertaking given to him as sheriff, by the above named defendants, to indemnify him to sell certain property under execution, the penalty in which undertaking was $500. The plaintiff, in his complaint, claimed judgment for $787, and interest from August 7, 1861.

The defendants Gilbert Lefevre and Henry S. Van Etten served an offer of judgment, under section 385 of the Code, for $500, the penalty of the bond, and interest from August 7, 1861, and the costs of the action. The plaintiff did not accept the offer, but went to trial on his complaint, and failed to recover more than the amount of the offer.

The defendant Hardee made no offer for judgment, but answered in the case, but failed to appear at the trial. The defendant De Forest did not appear nor answer in the case at all.

After the trial the plaintiff's attorney entered judgment for the amount of the recovery and the full costs of the action, without serving any notice for the adjustment of costs, or any notice of readjustment after judgment.

The defendants Lefevre and Van Etten then made a motion at special term for a readjustment of costs, and for an order directing the clerk to set off against the recovery of the plaintiff their costs which accrued after the service of the offer for judgment.

The court, at special term, Justice PECKHAM presiding, granted the motion so fas as to allow a readjustment of the plaintiff's costs, but denied all the residue of the motion. The said defendants Lefevre and Van Etten now appeal to the general term from the order of Justice PECKHAM.

M. SCHOONMAKER, *for plaintiff, respondent.*
A. SCHOONMAKER, *for defendants, appellants.*

By the court, HOGEBOOM, Justice. To entitle the defendant to costs, after serving an offer of compromise, the plaintiff must fail to obtain a more favorable judgment than the one contained in the defendant's offer. (*Code*, § 385.) The judgment which the plaintiff in fact obtained was a judgment against all the defendants, for $500 and interest, besides costs. The judgment which the defendant offered to the plaintiff was a judgment for the same amount against only two of the four defendants. The former judgment entitled the plaintiff to collect the amount of it from the joint property of all the defendants, and from ·the individual property of any one of them. The latter judgment entitled the plaintiff to collect the same only from the interest of Van Etten and Lefevre in the joint property of the defendants, and from the individual property of Van Etten or Lefevre.

I do not think the latter judgment can be said to be as favorable to the plaintiff as the one he actually recovered, and therefore he was not, at the peril of being subjected to costs, bound to accept it. The Code did not, I think, by authorizing this offer, intend to deprive the plaintiff of any substantial benefit which he could secure by continuing the litigation, but only to protect the defendant from needless expense.

In construing the defendant's offer, I have assumed that it was designed to be limited to a judgment against Van Etten and Lefevre. The offer is in terms made by them alone, and is signed by attorneys professing to act for them alone. It is true the language is, " offer to let judgment be taken," without saying " against them;" but I think it must be construed the same as if the words " against them" had been added : 1, because section 385 of the ·Code provides that the defendant may serve an offer " to allow judgment to be taken· against him ;" 2, because, even if two out of four joint defendants have the power to authorize a joint judgment to be taken against

all, (which I do not decide,) I think the offer should be clear and unequivocal on that point, and not subject to misconstruction.

If I am right in the position already taken, the decision of the judge at special term was correct. But I will discuss an additional point in the case.

I am inclined to think the offer should be a practical one—one of which the plaintiff may avail himself, at once and absolutely, without asking the aid or permission of the court, and without endangering his proceedings against the other defendants.

The section of the Code in question, (§ 385,) provides that the plaintiff may, within ten days, by notice in writing to that effect, accept the offer, and in such case may file the summons, complaint, offer, and affidavit of notice of acceptance, and the clerk must thereupon enter judgment accordingly.

Now, in the first place, it is not clear that the plaintiff may, on his own motion, sever the action by entering judgment against two of the joint defendants, and preserve the action in full vigor against the other two ; for section 274 of the Code provides that " in an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper." It would appear, therefore, to be in the discretion of the court, and not at the election of the plaintiff, whether the action shall be severed. If the plaintiff, therefore, availed himself of the defendant's offer, and entered judgment, it may be questionable whether he would not thereby discontinue the action against the defendants who had not united in the offer. I think it was not intended that he should subject himself to such a hazard.

Nor do I think he should be compelled to go to the court and seek permission to sever the action, before he

could safely accept the offer. He might or might not have time to do so within the ten days; he might or might not succeed if he made the attempt. And I do not think the lawmakers meant to expose him to so many embarrassments and contingencies, at the risk of paying costs to his adversary if he did not. My impression is, the offer must be one which the plaintiff may immediately and absolutely accept, and enter judgment thereon without question as to his power to do so, and without impairing or imperiling his remedy against other parties.

Entertaining an opinion adverse to the defendant on the questions thus far discussed, I do not deem it necessary to consider the further question, whether an offer of compromise under this section, in order to be available, must be made in behalf of all the defendants, or of all the defendants who have appeared and defended, or of all the defendants except those as to whom the cause is in a situation to perfect judgment. There are many considerations in favor of such a construction, which did not strike me so forcibly when the question was first presented.

I think the decision of the motion at special term was right, and that the order should be affirmed, with $10 costs.