WILLIAM J. BANNERMAN, Respondent, *against* JOHN E. QUACKENBUSH, Impleaded with Abraham Quackenbush, Appellant.

(Decided April 5th, 1886).

A father and his son were co-partners under a firm name composed of the name of the father with "& Son" added. In the summons and complaint in an action against them as such co-partners, their firm name only was given as the defendants in the title of the action. The father alone appeared, and served an answer from which it appeared that the goods for which the action was brought were purchased by "defendant's firm" and that a counterclaim set up was upon an indebtedness to "defendant's said firm," and made an offer to allow judgment to be taken "against him" for a sum specified with interest and costs. At the trial, the complaint was amended by striking out the words "& Son" and inserting instead thereof the name of the son. Plaintiff recovered judgment against both defendants, but for a sum no greater than was offered. *Held,* that the recovery was more favorable than the offer, and plaintiff was entitled to costs.

APPEAL from an order of the General Term of the City Court of New York affirming an order of the Special Term of that court, upon appeal from taxation of costs by the clerk.

The clerk had taxed costs in favor of plaintiff up to the time of the service of a written offer of judgment, and in favor of defendant John E. Quackenbush after such offer. The Special Term directed full costs to be taxed in favor of plaintiff against said defendant.

The action was commenced on or about January 29th, 1883, against "John E. Quackenbush & Son," as co-partners (the complaint was amended on the trial by inserting the name of Abraham Quackenbush as co-defendant and striking out the words "& Son", see 11 Daly 529), to recover $533.38 upon a co-partnership indebtedness. John E. was the only defendant served with the summons. He answered separately and individually, setting up an offset of $471.61, and served an offer to allow judgment to be taken against

himself for $65.54, with interest and costs.   The plaintiff did not recover a greater sum than was . offered, but recovered against both defendants as co-partners.   The City Court held that this was a more favorable judgment than that offered, because the offer restricted the plaintiff to the entry of judgment against John E. Quackenbush only.   The defendant John E. claimed that the offer authorized a judgment against both the joint debtors for the sum mentioned in it.

From the order of the  Special Term above mentioned, defendant  John E.  Quackenbush appealed to the General Term of the City Court, which affirmed the order upon the opinion of the court below; and from the order of the General Term thereupon entered, he again appealed to this court.

*M. L. Hollister*, for appellant.

*Phillips & Avery*, for respondent.

J. F. DALY, J.—[After stating the facts as above.]—The first sentence of section 738 of the Code of Civil Procedure is identical with section 385 of the former Code, and provides: " The defendant may, before the trial, serve upon the plaintiff's attorney, a written offer to allow judgment to be taken against him for a sum or property or to the effect therein specified, with costs."   Under the former Code it was held that one joint debtor, or one co-partner, might make an offer that the plaintiff should take judgment against the defendants jointly liable, and if he were authorized to make such an offer by his co-defendants, or if there were a general appearance for all, or if the offer were made to secure a *bona fide* creditor, judgment might be entered upon the offer against all the defendants in form and enforced against their joint property and against the individual property of the defendant served (*Olwell* v. *McLaughlin*, 10 N. Y. Leg. Obs. 316, Com. Pleas Sp. T., DALY, J., 1852; approved in *Bridenbecker* v. *Mason*, 16 How. Pr. 203, 207,

Supreme Ct.; see also *Binney* v. *Le Gal*, 19 Barb. 592; 1 Abb. Pr. 283; *Emery* v. *Emery*, 9 How. Pr. 130).

It was also held that where one of two defendants jointly indebted made an offer to plaintiff to take judgment against him, and his co-defendant was in default for want of an answer, and had not appeared, so that the plaintiff on receipt of the offer might at once enter judgment against both defendants, he must accept it or proceed at his peril as to future costs (*LaForge* v. *Chilson*, 3 Sandf. 752; *Bridenbecker* v. *Mason, supra*).

The offer made by defendant John E. Quackenbush was not within any of the above authorities. His co-defendant was not in default and had not been served with process, and the offer was not made on behalf of the joint debtors, but was an offer of judgment against himself alone. It was expressly held in *Everson* v. *Gehrman* (1 Abb. Pr. 167, Supreme Ct. First Dist. Gen. T., 1854), that such an offer authorized the entry of judgment against the defendant making the offer, but did not authorize a judgment against him and his co-partner as joint debtors, and a judgment against both entered upon such an offer was set aside as irregular. If the effect of an offer by one of two joint debtors to allow judgment against himself is to authorize an individual and not a joint judgment, so that the plaintiff cannot have execution against the joint property, then it is of course an offer of a less favorable judgment than that which he recovers against both joint debtors in form. This was decided in the case of joint and several debtors where two out of four defendants offered to allow judgment against themselves separately (*Griffiths* v. *De Forest*, 16 Abb. Pr. 292, Supreme Ct. Third Dist. Gen. T., 1862).

The Code of Civil Procedure contains a provision not found in the former Code, by which one or more defendants in an action which can be severed may make the offer of a separate judgment. This provision was inserted to cover such cases as *Griffiths* v. *De Forest* (last cited), where the action is brought against defendants jointly and severally liable, as to whom the action may be severed, and against

whom separate judgments may be taken; but it has no reference to actions against defendants whose liability is joint, as in the case of co-partners sued upon a co-partnership debt.

It has been held since the adoption of the Code of Civil Procedure that there is no authority for one co-partner to make an offer of judgment for the firm (*Garrison* v. *Garrison*, 67 How. Pr. 271, Schenectady Sp. T., 1884), and that no offer by one co-partner is effectual without evidence that the other co-partners approved or ratified it (*Weed* v. *Bergstrasser*, 2 Law Bull. 55.; Sp. T. First Dept., 1880), the latter decision following *Bonneys* v. *Le Gal* (above cited). But whether we hold that an offer of one joint debtor on behalf of all is as effectual under the present Code as under the former, we must hold upon the authorities under the former Code that the offer made by John E. Quackenbush to allow judgment against himself was not an offer of a joint judgment, and therefore not an offer of as favorable a judgment as plaintiff finally obtained against him and his co-partner.

It is urged that as the summons and complaint did not name Abraham Quackenbush as defendant, John E. was not bound to offer judgment against him; but it appeared from the answer of John E. that the goods for which the action was brought were purchased by "defendant's firm," and his counterclaim was upon an indebtedness to "defendant's said firm," and he knew therefore that if plaintiff recovered it would be against the firm, and that a judgment against one partner would not be as favorable as a judgment against all, and he was bound to make an offer that would embrace all the members of the firm, whether they were named in the summons and complaint or not.

The order appealed from should be affirmed, with costs.

LARREMORE, Ch. J., and VAN HOESEN, J., concurred.

Order affirmed, with costs.