DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## June, 1886.

---

JOSEPH JACOBSTEIN, Appellant, v. MOSES L. ABRAMS, Respondent.

Seven Other Actions Against Same Defendant, by Different Plaintiffs.

*Fraudulent confession of a judgment—it cannot be attacked by a general creditor having no lien on the property of the debtor.*

A general creditor having no lien, either by judgment or attachment, upon the property of the debtor, cannot move to vacate and set aside judgments confessed by the debtor in favor of other creditors, upon the ground that such judgments were confessed by the debtor for the purpose and with the idea and preconceived design of cheating his creditors.

Appeal from an order made at Special Term appointing a referee to ascertain the facts and to report the same, with his opinion, with all convenient speed.

The motion was made by a stranger to the action, one Otto Denecke, to set aside as fraudulent the judgment entered herein upon the confession of the defendant.

*W. B. Tullis,* for the appellant.

*A. Kling,* for the respondent.

Brady, P. J.:

The motion was to set aside judgments confessed in fraud of Otto Denecke, one of the creditors of the defendant Abrams, and

to enjoin him from selling or otherwise disposing of goods or property of any kind, levied upon by virtue of executions issued in the actions in which the judgments were confessed. The order to show cause was granted on the affidavit of one Heidenheimer, who stated that Otto Denecke, in his behalf, was the assignee of claims of many creditors of the defendant to the extent of about $13,000, and had a lien upon the merchandise in the defendant's store; that on or about the 15th of December, 1885, the defendant confessed judgments to the extent of about $18,000, which judgments were confessed by the defendant for the purpose and with the idea and preconceived design of cheating his creditors out of their respective demands; and that the defendant confessed and admitted to him that such confessions were made for the purpose of securing him, the defendant, and for no other purpose. It appeared that Denecke was neither a judgment nor an attaching creditor, but had commenced an action to recover the possession of certain goods of which he claimed to be the owner and which he claimed to be entitled to, and which had been seized by a proceeding in this action.

In answer to the application, the judgment creditors respectively made affidavits showing that their judgments were founded upon proper consideration and sustaining them by proper allegations. The defendant denied that he had made the statement asserted by Heidenheimer, to the effect that the confessions of judgment were made for the purpose of securing him. He denied very emphatically ever having made such a statement and asserted it to be absolutely false and untrue. The gravamen of the motion was the statement, alleged to have been made by the defendant Abrams, that the judgments were confessed for the purpose of securing him. Mr. Denecke had no lien whatever, upon the property, except what was acquired by his action of replevin to recover certain goods of which he claimed to be the owner and of which he obtained possession. He was not an attaching creditor nor a judgment creditor, and had no lien, therefore, of any kind whatever, except that suggested, which was accomplished by his action, and which related, as we have seen, to certain goods claimed by him, and did not extend to the other goods, if any, which were upon the premises of the defendant and subject to levy. It is not

understood, therefore, on what principle he could move to set aside the judgments, having no lien by attachment or judgment, or otherwise, as already indicated.    There is no doubt of the right to vacate a judgment obtained by confession, upon motion, nor can there be any question that where facts are presented justifying such a proceeding the court may refer the contention to a referee for his investigation and opinion.    The practice is well established and well known.    But no case has been found in which a mere creditor could make such a motion, and the cases referred to by the respondent on the subject do not sustain the contrary principle.

In *Norris* v. *Denton and others* (30 Barb., 117) it is said that the right to attack a void judgment, entered by confession, is not limited to judgment creditors.    It may be attacked by a grantee or mortgagee of premises upon which such judgment is a lien as well as by judgment creditors.    The attacking person in such a case as that has a quite different *status* from that occupied by a mere creditor.    In *Marks* v. *Reynolds* (12 Abb., 403) the application to set aside the judgment was made by a subsequent judgment creditor.

In *Bridenbecker, President, etc.,* v. *Mason* (16 How. Pr., 203) the motion was made by a judgment creditor.    And in the case of *Kendall* v. *Hodgins* (7 Abb., 309) it was said to be settled, that a judgment creditor may obtain relief against such a judgment as complained of here by motion, citing the cases.    The question discussed was, whether a *bona fide* purchaser was equally protected with the judgment creditor.    And the court stated that the general rule was, that no one except a judgment creditor could come into court to obtain relief against a transfer made or judgment confessed by his debtor, as being a fraud upon creditors ; and, further, that the general rule was not that a creditor-at-large could not obtain relief by motion, which he might in such a case obtain by action, but that he could not be heard at all.    For this reason, without further elaborating the point, the order should be reversed, with ten dollars costs and the disbursements of the appeal.

DANIELS and CHURCHILL, JJ., concurred.

Order reversed.